Parker, C. J.
The principal question in this case has been before the Court in the case of Denny vs. Warren. In that case, as in this, it is decided that if an officer enters a store where there are goods belonging to the debtor, having a writ requiring him to make the attachment, and declaring his intention to attach them, and then, for the purposes of convenience to the debtor, or for the furtherance of his object, locks the store and keeps the key in his possession, he has a right to claim and hold the goods against any other officer who may have subsequently entered the store for the purpose of making a second attachment, he, or the creditor, knowing of the prior attachment. It will always be a question of fact, whether the officer, who made the first attachment, had abandoned it, or had conducted so negligently as to forfeit his rights under it. The jury were properly instructed by the judge in the case before us, and the evidence fully warranted their verdict.
The objection, that one deputy sheriff cannot maintain an action against another deputy of the same sheriff, cannot prevail. Although servants of the same master, they act independently of each other; and the one who first makes an attachment acquires a special property, which entitles him to an action against any person who interferes with his possession.
Upon the point of damages, we think the rule which the jury were permitted to observe, in order that the question might be settled, was not correct. The plaintiff in replevin gets possession of the goods, and has given bonds to restore them in case judgment should be against him. He is eventually answerable only for their value. He may sell them, if the price suits him, or he may keep them, to return in specie. They are delivered to him [ * 470 ] upon the * writ, on his assertion that they are his property ; and he has it in his power to deal with them as such. Were it in his power to keep them on hand, through a long process in court, at the risk of the defendant in replevin as to their fall in value, much mischief would ensue.
Any deterioration of the goods, while in possession of the defendant after the unlawful taking, is a proper subject of damages. But after they are restored, if they should be injured, decayed, or otherwise impaired in value, it must be at the plaintiff’s risk, if he prevails in the suit, however long the process may continue ; because he may always convert them into money, under such circumstances as will furnish proper evidence of their value, when he comes to be answerable upon his bond, or he may keep them in possession at his election.
As to that part of the verdict which relates' to the articles without *389 the store, which were taken by the defendant, and afterwards mixed with the other goods, we think it must be set aside. If the defendant acquired a special property in them, he lost it by mixing them with those previously attached by the plaintiff; so that these, also, were returned as attached by him.
The verdict must be altered so as to stand for five dollars, instead of four hundred; the residue of the verdict to be set aside, and judgment entered for the plaintiff, upon the verdict thus corrected.