Wilde J.
delivered the opinbn of the Court. This case is submitted to our determination on facts agreed, for the purpose of ascertaining the parties’ legal rights. Both parties claim under Isaac Damons, and we are first to inquire what was his right and property in the building in question, and what was the nature of his property. It was built and erected by him on land, the fee of which, it is agreed for the purposes ol this action, was, and still is, in the town of Northampton.
It was so placed with the consent of the town and in pursuance of a contract with them, which, although not formally reduced to writing, they are willing to fulfil ; so that no question is made whether the building belongs to the town as proprietori' of the land. In fact the town have since purchased the building, with the consent, we presume, of all parties interested, and this action is prosecuted for the purpose of ascertaining to whom the purchase money must be paid.
Upon these facts the first question made is, whether Damons’s property in the building was real or personal estate ; as to which we think there can be no reasonable doubt. It was not real estate, for he had no title to the land. This was vested in the town, and but for their contract, they could undoubtedly hold the building as appertaining to the realty. But they disclaim that right, and admit Damons’s right to the building, subject to the conditions and qualifications of his contract; and both parties stand on the ground of this admission. Damons’s property, therefore, if any he had, was personal estate;[1] and there can be no doubt, we think, that one may own a building standing on the land of another with his consent, and may dispose of it, and it will be liable to attachment, the owner of the land interposing no claim.
The next question, and one of more difficulty, is, whether the attachments under which the defendants claim were valid, no actual and open possession of the property being taken by the attaching officer, but he having proceeded as though the property had been the debtor’s real estate.
Generally, attachments of personal property are not valid *417 against subsequent purchasers, or attaching creditors, unless the officer takes possession of the property attached. But property of the nature of things immovable are not within the reason of the general rule, and are consequently to be excepted from its operation. The officer would have had no right to remove this erection, if the town had objected. Independent of the contract with Damons, it was a fixture and would pass with the land ; and under the contract the town had a right of preemption; so that the removal of the building was not authorized ; and besides it could not be removed without material injury. Under these circumstances the officer took all the possession which could have been usefully taken of the property attached. It was similar to the possession afterwards taken by the plaintiffs under their assignment, which, although not accompanied with any act of notoriety, was nevertheless sufficient to pass the property but for the previous attachments. Jewett v. Warren, 12 Mass. R. 300. Such a possession, we think, is sufficient also to support the attachments.[1]
The - plaintiffs therefore, according to the agreement of the parties, are to become nonsuit.

 See Marcy v. Darling, ante, 283; Mien v. Scott, 21 Pick. 28

 See Hemmenway v. Wheeler, 14 Pick. 310; Gordon v. Jenncy, 16 Mass. R. 465; Fettyplace v. Dutck, 13 Pick. 388. Provision is now made for the mode of attachment in such case, by Revised Stat. c. 90, § 33.