## Edward H. Hemmenway *versus* John Wheeler Junior.

The nature of the possession and custody which an officer is to keep, of personal pro
  perty attached by him, depends upon the nature and position of the property; and
  in general, it must be such a custody as will enable him to assert his control over
  the property, and so that it cannot probably be withdrawn or taken by another
  without his knowledge.

An officer attached a parcel of hewn stones lying in the town of Worcester, on land
  belonging to the commonwealth, by going among and upon them, and directed the
  creditor, who had receipted for them, and whose place of business was about fifty or
  sixty rods distant from where the stones lay, and in sight of a part of them, to take
  charge thereof; but the stones were not removed. No notice was given to any one,
  of the attachment, although there were persons at work or residing near, nor was
  any other mode adopted of giving notoriety to the transaction. A few days after
  the attachment, a person was summoned as a trustee in the same writ, and the credi-
  tor informed him of the attachment, but desired him not to inform any other person
  thereof, saying that he did not wish to injure the credit of the debtor. It was *held*,
  that the attachment was valid as against a subsequent attachment made without no-
  tice thereof, and that sufficient possession was retained, to continue it in force.

This was replevin for 2486 feet of hewn stones. The defendant pleaded property, at the time of the taking, in Temple & Washburn.

At the trial, before *Morton* J., it appeared that the plaintiff and defendant were deputy sheriffs; that on November 5, 1832, the plaintiff, having a writ in favor of one Howe and others against Temple & Washburn, proceeded to attach the stones in question, which were lying at about the distance of ten rods from the Lunatic Hospital in Worcester, on land belonging to the commonwealth and appropriated to the use of the hospital; that the plaintiff, in making the attachment, went among and upon the stones; that Howe receipted for them; that the plaintiff thereupon directed him to take charge of them, but that they were not removed; that Howe's place of business was distant about fifty or sixty rods from the place where the stones lay, and in sight of a part of them, and his boarding-house was also in sight of them; that there were persons at work upon the hospital, and that the house of John F. Clark was distant about ten or fifteen rods, but that no notice of the attachment was given to them or to any other person, nor any other mode adopted of giving notoriety to the act; that on No

vember 15, 1832, one Holbrook was summoned in the same
writ as trustee of Temple & Washburn, and was informed
by Howe, that the stones were attached, and that no one
knew of it except Howe and the plaintiff; that Holbrook was
desired to communicate information of the attachment to Tem-
ple & Washburn, and to tell them, that the action might be
settled before the expiration of the time of service and the
public would have no knowledge of the transaction ; and that
Howe requested Holbrook not to inform any other person of
the transaction, saying that he did not wish to injure the credit
of Temple & Washburn.

It further appeared, that on December 1, 1832, the de-
fendant, after inquiring of Clark, whose residence was nearest
to the stones, whether they had been taken by any of the
creditors of Temple & Washburn, and not deriving any knowl-
edge from him or otherwise of any existing lien thereon, at-
tached them upon a writ in favor of one Sherman against Tem
ple & Washburn ;. that Clark and one Henry, who resided in
the same house, were employed by the defendant to take care
of the property attached ; and that a few weeks after the at-
tachment made by the defendant, Howe gave notice to Clark,
of the plaintiff's attachment.

*Merrick* and *Kinnicutt*, for the plaintiff, cited *Baldwin* v.
*Jackson*, 12 Mass. R. 131 ; *Train* v. *Wellington*, 12 Mass.
R. 495 ; *Bridge* v. *Wyman*, 14 Mass. R. 190 ; *Bagley* v.
*White*, 4 Pick. 395 ; *Ashmun* v. *Williams*, 8 Pick. 402.

. *C. Allen* and *Towne*, for the defendant, cited *Bagley* v.
*White*, 4 Pick. 395 ; *Bridge* v. *Wyman*, 14 Mass. R. 190 ;
*Denny* v. *Warren*, 16 Mass. R. 420 ; *Gordon* v. *Jenney*, 16
Mass. R. 465 ; *Baldwin* v. *Jackson*, 12 Mass. R. 131 ;
*Train* v. *Wellington*, 12 Mass. R. 495.

SHAW C. J. delivered the opinion of the Court. If any
question of fraud were intended to be raised in the present
case, if it were contended that the plaintiff had designedly con-
cealed his attachment with a view to defraud other creditors,
that fact should have been put in issue and tried by a jury.
The question therefore is, whether the prior attachment made
by the plaintiff, was sufficient to bind and hold the property
against the after attachment made by the defendant.

Hemmen-
way
v.
Wheeler.

*Oct. 5th.*

*April term*
1834

The evidence shows that there was a sufficient *seizure* of these bulky articles, to constitute an attachment. The officer went to the place where the stones were, and upon and among them, declaring that he attached them.  *Train* v. *Wellington*, 12 Mass. R. 495.

And we think he remained in the constructive possession in such manner as to continue the attachment in force.  Notoriety is not necessary to give effect and validity to an attachment of personal property.  It is not necessary to continue an attachment, that an officer or his agent should remain constantly in the actual possession.  *Gordon* v. *Jenney*, 16 Mass. R. 465 ; *Ashmun* v. *Williams*, 8 Pick. 402.  [See also *Fettyplace* v. *Dutch*, 13 Pick. 388.]  The nature of the possession and custody which an officer is to keep, will depend upon the nature and position of the property, as ships, rafts, piles of lumber, masses of stone, or lighter, more portable, and more valuable goods.  In general it may be said, that it shall be such a custody as to enable an officer to retain and assert his power and control over the property, and so that it cannot probably be withdrawn, or taken by another, without his knowing it.  Here it is manifest, that the officer did not intend to abandon the attachment, and that the measures which he took, considering the bulky nature of the property and the situation in which it was placed, were sufficient to continue his possession and preserve his attachment.

*Defendant defaulted.*