## Ellis Swift *et al. versus* Isaac Barnes *et al.*

In an action of replevin for goods not attached on mesne process nor taken on execution, judgment was rendered in favor of the defendant, and a writ of restitution was issued, by virtue of which he demanded the goods, but the plaintiff refused to restore them; and in an action brought by such defendant upon the replevin bond, it was *held*, that he was entitled to judgment for the value of the goods at the time of the demand.

DEBT upon a replevin bond. By a case stated it appeared, that the defendants were to be defaulted and to be heard in

equity.   The only question for the decision of the Court was, what should be the amount of damages to be assessed.

The condition of the bond was, that the defendants should restore to the plaintiffs 13,500 gallons of sperm oil, and pay all damages and costs, in case such should be the final judgment of the Court.

The oil was valued by the defendants at the sum of $9,450, at the time when it was taken by them by virtue of the writ of replevin.   At the October term of this Court, the plaintiffs obtained judgment against the defendants for restitution of the property, and for the sum of $1,780 damages.

A writ of restitution was issued, on October 13, 1833, and on October 31, 1833, the officer to whom it was delivered, demanded restitution of the property ; but it was refused.

It was agreed that the Court might determine, whether the valuation in the bond should be the measure of damages, or whether judgment should be rendered for the actual value of the oil, at the time of the service of the writ of replevin, at the time of the verdict rendered, at the time of the demand made under the writ of restitution, or at the time of the judgment in equity, with interest.

*Warren* and *Coffin*, for the plaintiffs, cited to the point, that the value of the oil, at the time of the rendition of the judgment for restitution, or when the demand was made under the writ of restitution, was the rule of damages, *Rowley* v. *Gibbs*, 14 Johns. R. 385 ; *Gordon* v. *Jenney*, 16 Mass. R. 465 ; *Arnold* v. *Bailey*, 8 Mass. R. 145 ; *Mattoon* v. *Peirce*, 12 Mass. R. 406 ; *Huggeford* v. *Ford*, 11 Pick. 223 ; *Shepherd* v. *Johnson*, 2 East, 211 ; *Greening* v. *Wilkinson*, 1 Carr. & Payne, 625.

*Eddy* and *W. Thomas*, for the defendants.   The value of the property replevied at the time of the service of the writ of replevin, or the valuation in the replevin bond, should determine the amount of damages.   The order for restitution has reference to the original taking under the writ of replevin. If no bond had been given, the value at the time of the taking would have been the measure of damages, without regard to the fluctuations of the market ; and the circumstance, that a bond was given in this case, can make no difference.   *Gordon*

Swift
*v.*
Barnes.

*Oct.* 23d.

Swift
*v.*
Barnes.

v. *Jenney*, 16 Mass. R. 465 ; *Middleton* v. *Bryan*, 3 Maule & Selw. 155 ; *Kennedy* v. *Whitwell*, 4 Pick. 466 ; *Dillenback* v. *Jerome*, 7 Cowen, 294 ; *Huggeford* v. *Ford*, 11 Pick. 225 ; *Gray* v. *Portland Bank*, 3 Mass. R. 364 ; *Gainsford* v. *Carroll*, 2 Barn. & Cressw. 624 ; *Yea* v. *Lethbridge*, 4 T. R. 433 ; *Arnold* v. *Bailey*, 8 Mass. R. 145 ; *Shaw* v. *Nudd*, 8 Pick. 9 ; *Hopkins* v. *Lee*, 6 Wheat. 109.

*Oct. 24th.*

Wilde J. delivered the opinion of the Court. It being admitted that the condition of the bond has been broken, the only question submitted is, by what rule the damages are to be assessed. And we are of opinion, that the value of the property replevied, at the time when it was demanded on the writ of restitution, is the true measure of damages. This is the general rule of damages, on all contracts to deliver goods on demand, and we can perceive no distinction between the present contract and a common contract to deliver goods. On all contracts and obligations, the party injured by the breach or non-performance, is entitled to a full indemnity.

The statute prescribes no rule of damages in a case like the present, and it is distinguishable from the cases cited, in which it has been held, that the estimated value in the bond, of the goods replevied, is the true measure of damages, in an action on a replevin bond.

In *Huggeford* v. *Ford*, 11 Pick. 223, the question was, whether the plaintiff was bound by the valuation fixed in his writ, or might show that the actual value was less than the valuation. It was held, that he was bound by the valuation in the writ of replevin, because he had set his own value upon the goods. And in *Middleton* v. *Bryan*, 3 Maule & Selw. 155, the same principle is laid down. The sureties, it is said, by executing the bond admit the value as estimated.

In *Gordon* v. *Jenney*, 16 Mass. R. 465, it was decided, that a plaintiff in replevin, retaining the articles replevied, until judgment in the suit, cannot claim damages for any depreciation in their value, because he may always convert them into money.

The principle laid down in these cases is undoubtedly well established ; but it is not applicable to the question submitted in this case. The plaintiff in replevin, who causes the prop-

erty to be valued, may well be bound by the valuation, when it is made to appear that the action was groundless : but it by no means follows, that the other party, who had no agency in the valuation, is also to be bound.

The present plaintiffs are entitled to a full indemnity for the damages sustained by the non-performance of the condition of the bond, and that cannot be obtained unless they may be allowed to recover the actual value of the property replevied, at the time when it ought to have been restored on the writ of restitution. And we have no doubt that, in the present case, that is the true measure of damages.