### Amos Cutter *vs.* Edward A. Gay.

A messenger in insolvency has no right to take into his possession personal property of the debtor which is under a valid attachment.

Replevin of a horse and other property. It was agreed in the superior court that while the plaintiff, as constable, had possession of the property under a valid attachment upon a writ against the owner, Paine G. Ballou, the latter went into insolvency, and the defendant, as messenger, seized the same with other property of the debtor, and refused to deliver the same to the plaintiff on demand, but subsequently delivered the same to the assignee of the estate. On these facts judgment was rendered for the plaintiff, for one dollar damages, and the defendant appealed to this court.

*T. H. Sweetser,* (*W. S. Gardner* with him,) for the defendant,

cited Gen. Sts. *c*. 118, §§ 18–21, 38, 44–46; *Judd* v. *Ives*, 4 Met. 401.

*J. T. Joslin*, for the plaintiff.

BIGELOW, C. J. On the facts agreed, the plaintiff, at the time the goods in controversy were replevied, had a special property in them, and a right to their immediate and exclusive possession. He can therefore well maintain this action. *Gordon* v. *Jenney*, 16 Mass. 465, 469. The defendant, by virtue of his warrant as messenger in insolvency under the proceedings commenced by the general owner of the goods, acquired no right to take possession of property belonging to him which was then under a valid attachment on mesne process, and in the custody of an officer. It is the assignment, and not the warrant issued to the messenger, which operates to dissolve an attachment. *Edwards* v. *Sumner*, 4 Cush. 395. If for any reason the proceedings are stayed, or are held to be defective or insufficient, before the assignment is made, an attachment of the debtor's property is not dissolved, or the lien thereby acquired defeated or suspended. This is manifest from the provisions contained in Gen. Sts. *c*. 118, §§ 44, 45, by which it is enacted that the assignment shall vest in the assignee the property of the debtor which at the time of the commencement of the insolvent proceedings is under attachment, and that a dissolution of the attachment by force of the assignment may be prevented, if it shall be found necessary to continue it in force in order to vest a title to the property in the assignee. Until the assignment, therefore, the attaching officer holds the property in his custody, subject to such legal disposition of it as may be required, in case the proceedings in insolvency result in an assignment; or, if for any cause no assignment is made, then subject to the attachment on which it was originally taken by him. In either case, it remains in the custody of the law, and the rights of all parties are sufficiently protected.

Inasmuch as the property replevied in this case has been delivered to the assignee, and the plaintiff has no further claim to hold it under the attachment, the proper judgment is for the plaintiff for nominal damages, and for his costs