HOWARD B. WYMAN *vs*. FRANKLIN BOWMAN.

Kennebec. Opinion March 30, 1880.

*Trover. Election of remedy. Replevin. Sale of property replevied.*

In an action of replevin, there was judgment for a return, upon which a writ of restitution issued and was returned unsatisfied, and subsequently a suit commenced upon the replevin bond; *Held*, while the latter suit is pending, trover will lie against one, who purchased the property replevied of the plaintiff in replevin or his bondsmen.

The pendency of a suit upon a replevin bond will not bar an action of trover against one, who received from the plaintiff in replevin the property replevied. The rule, that where a party has two remedies for the same injury the election of one will bar the other, does not apply to this case.

A plaintiff in replevin cannot convey a good title to the property replevied, if he is not the actual owner.

ON REPORT from the superior court, Kennebec county. The law court were to draw inferences as a jury might, and render

such judgment as the law and the evidence, legally admissible, require. The material facts appear in the opinion.

*G. T. Stevens*, for the plaintiff, cited : 3 Allen, 426 ; *Davis* v. *Dunklee*, 9 N. H. 545 ; *Davis* v. *Granger*, 3 Johns. 259 ; *Percival* v. *Hickey*, 18 Johns. 257 ; *Buffum* v. *Tilton*, 17 Pick. 510 ; 1 Chitty Pl. 454, note 3 ; *Marble* v. *Keyes*, 9 Gray, 222.

*Heath & Wilson*, for the defendant.

Judgment for a return is a bar to trover. The case, 3 Allen, 426, cited by plaintiff, was where there was no replevin bond. Here there was such bond, and plaintiff has elected his remedy by bringing suit upon it. He cannot maintain trover now. *Tuck* v. *Moses*, 54 Maine, 115 ; *Parker* v. *Hall*, 55 Maine, 362 ; *McKnight* v. *Dunlap*, 4 Barb. 36 ; *Morris* v. *De Witt*, 5 Wend. 71 ; *Rice* v. *King*, 7 Johns. 20 ; *Sangster* v. *Commonwealth*, 17 Gratt. (Va.) 124. Plaintiff in replevin has a right to sell. *Gordon* v. *Jenney*, 16 Mass. 465.

DANFORTH, J. This is an action of trover, to recover the value of a pair of oxen, alleged to be the property of the plaintiff, and to have been converted to his own use by the defendant. The plaintiff testifies to his own title, which is not denied by the pleading or evidence of the defendant, and the alleged conversion is admitted.

The defendant puts in evidence, the record of an action of replevin in favor of William B. Robinson against this plaintiff, in which the title to these same oxen was in question, and claims that such record is a bar to any recovery in this suit.

It appears from the record of that suit that it was decided in favor of the defendant, the present plaintiff ; that he had a judgment for a return, upon which a writ of restitution was issued and returned unsatisfied, and that subsequently he commenced a suit upon the replevin bond, which is still pending ; and it is claimed that this plaintiff,—having been successful in the replevin suit, having obtained his judgment for a return with a writ of restitution,—has elected the remedy which the statute gave him in such cases, and it is now too late to avail himself of this action of trover even though it might have been open to him before such an election had been made.

But it also appears that this defendant was not a party to that action, and hence in no way bound by the proceedings or judgment therein ; and on what principle of law he can avail himself of such proceedings and judgment is not apparent, nor has it been pointed out in the argument. True, it is suggested, that during the pendency of that action or subsequent to the judgment, this defendant purchased the oxen of the then plaintiff, though of this we find no evidence in the case. There is some evidence tending to show that he bought them of one of the sureties in the replevin bond, but nothing further.

But assuming the suggestion as true, we do not perceive that his position is any better. If in that way he becomes a privy to that judgment and bound by it, he cannot, as in fact he does not, deny the plaintiff's title to the oxen. It was so decided and he had a judgment for a return which has never been complied with,—nor has his action on the bond afforded him any damages for such non compliance. His title to the oxen has been legally affirmed, he has not received them, nor any pay for them, and this defendant has converted them to his own use. This ordinarily would seem to be sufficient to authorize him to recover. It certainly is not easy to see how the judgment for return with a writ of restitution can change the title of which it is directly confirmatory. In *White* v. *Philbrick*, 5 Maine, 147, it was held that a judgment in trover, if execution be sued out thereon, does so far change the title to the property that an action of trespass cannot afterwards be sustained against another person, for taking the same goods. No case however, it is believed, has gone any further than this, and in *Murray* v. *Lovejoy et al.* 2 Clifford, 191, it is clearly shown that the decided weight of authority, is, that there must not only be a judgment for the value, but satisfaction before an action against another person will be barred. In this case there is neither.

Nor does the objection that this gives two actions for the same cause, rest on any better foundation. It is undoubtedly true, that in many if not in all cases where a party has two remedies for the same injury, the election of one will be a bar to the other. It is the policy of the law that there should be an end

of litigation and consequently when a person has tried his right in one form of action he shall not be permitted to try the same right in another form. The cases cited and relied upon by the defendant, viz: *Tuck* v. *Moses*, 54 Maine, 115, and *Parker* v. *Hall*, 55, *Ibid*. 362, may be authorities to this extent, but they are not applicable to this case. They apply to actions for the original taking in replevin, and hence both remedies sought were for the same cause and against the same party.

In the case at bar the remedy, pursued under the law applicable to replevin suits, was for the wrongful taking under the replevin writ. The remedy now sought is against another party, one who had no part either as principal or aid in that wrong, and for another and entirely distinct violation of the plaintiff's rights of property,—a subsequent conversion of it; but a conversion before the prior remedy had in any respect changed his title to or interest in it, and which has not yet affected such a change.

It is also contended that the plaintiff in the replevin suit could and did convey a good title to this defendant. Conceding that he undertook to do so the legal effect claimed by no means follows. The case of *Gordon* v. *Jenney*, 16 Mass. 465, cited in the argument, is not authority for the law contended for. It is true, in that case, the court in giving a reason for the decision, say the plaintiff might have sold the property; and well he might, for it was his as the result of the case shew, and being his, as the case decided, he was not authorized to hold it till the end of the suit at the risk of the defendant; that having so held it and a considerable depreciation resulting, the defendant was not liable for that loss in value.

In this case the plaintiff was not the owner, nor could the mere taking the property by the writ make him such; otherwise there could only be judgment for damages and not for a return. Nor does it give or purport to give any authority to sell; and a sale without a title, or authority from one who had such title so as to give a right as against the owner, would be a violation of well established principles of law.

The evidence in the case shows the value of the oxen at the time the demand was made for them, in August, 1877, to have been one hundred and fifty dollars; to that amount should be added a sum equal to the interest from that date to the time when the judgment shall be entered in this action.

*Judgment for the plaintiff for $150 and interest from September 1st, 1877.*

APPLETON, C. J., WALTON, BARROWS, LIBBEY and SYMONDS, JJ., concurred.