ROBERT WILDMAN AND ANDREW WILDMAN v. CHARLES
STERRITT.

*Replevin—Demand—Damages.*

Plaintiffs sold a boiler and certain machinery, and retained the
title until the property was paid for. The vendee, with their
consent, removed the property to another county where he
attached it to other machinery in such a way that there was
nothing to designate it therefrom, and operated the *whole* in his
business. An officer levied upon the *whole* property as that
of the vendee, but did not remove it; and it is held that he
could not be made liable in damages until after his refusal to
deliver to the vendors their portion of the property upon due
demand and identification.

Error to Alcona. (Simpson, J.) Argued April 25,
1890. Decided May 16, 1890.

Replevin. Defendant brings error. Reversed. The facts
are stated in the opinion.

*Depew & Rutherford,* for appellant, contended for the
doctrine stated in the opinion.

*Nolan & Morse,* for plaintiffs, contended:

1. The property was not subject to attachment or execution by the
   creditors of the vendee, and plaintiffs had the right to take
   possession of it at any time under their contract; citing *Couse
   v. Tregent,* 11 Mich. 65.
2. Defendant nowhere claims any right to the possession of the
   boiler and machinery sold to the judgment debtor after a formal
   demand therefor. The jury found specially, at defendant's
   request, that defendant did unlawfully detain the property
   *after* such demand.

CAHILL, J. This is an action of replevin brought in
the Alcona circuit court to recover a boiler and certain
other machinery. The plaintiffs had judgment for the

property, and $60 damages for the detention. The questions raised on this record relate to the damages recovered, the right of the plaintiffs to recover the property not being contested.

The defendant, at the time the suit was commenced, was sheriff of Alcona county, and claimed to hold the property by virtue of two executions issued from justice's court,—one at the suit of Richard P. Gustin and John Kilmaster against Zachariah T. Mason, for the sum of $156.75, and the other in favor of William Jenkins against Zachariah T. Mason, for $192.12. The property had been sold by the plaintiffs to Zachariah T. Mason, June 20, 1888, under a contract by the terms of which the plaintiffs were to retain the title until it was paid for, and Mason, not having paid anything upon the purchase price, the plaintiffs claimed the right to retake it under the contract. Mason had been permitted by the plaintiffs to take the property from Saginaw, where he bought it, to Kilmaster, in Alcona county, where he set it up, built a derrick-house about it, and attached other machinery to it for the purpose of boring a well.

The property seized by the sheriff included the property replevied in this suit, and a quantity of other property put up and used together with it by Mason, and the defendant claimed that he had no means of knowing what property the plaintiffs owned or claimed until it was designated and pointed out to him; and that, under those circumstances, he had a right to levy on all of the property found in the possession of Mason, the judgment debtor; that he was not a trespasser for including the plaintiffs' property until after the plaintiffs had designated and claimed their own property. The defendant claims, also, that this was not done until on the day when this suit was commenced. The defendant does not deny the right of the plaintiffs to recover the property without a

demand, but he denies the right of the plaintiffs to recover damages against him for the detention of the property, except such as resulted after the demand; and he claims that there is no evidence in the case tending to show that he did any act which would have resulted in damages to the plaintiffs after such designation and demand were made.

In this position we think the defendant is correct. The bill of exceptions purports to set out all of the evidence, and we search it in vain for any legitimate testimony upon which to base the judgment for $60 damages. It is true one of the plaintiffs testified that he had been put to unnecessary trouble and expense in getting possession of the property; that it had been necessary for him to send a man five times to Kilmaster to see a sheriff in order to get possession of the property, and that his actual damages were about $125; but it does not appear that any of this expense was incurred after he had pointed out to the sheriff his property, and demanded it. In fact, no such damages could have resulted after such demand, and before suit was brought, because they occurred on the same day, and there is no evidence that the sheriff moved or disturbed the property after demand, and before suit was brought. The plaintiffs say that the $125 was made up of money spent in hiring a man to get possession of the property; that it was necessary to have a man of some knowledge and experience in the handling of such property, so as to handle it without injury; but it does not appear that the levy by the sheriff in any way increased such expenses. The plaintiffs had allowed Mason to take this property to Kilmaster, and there abandon it. If the levy had never been made, it would have been just as necessary for the plaintiffs to move their property, and the levy in no way increased such expense. So far as the record discloses, the defend-

ant did no act beyond making his levy and taking possession of the property. He did not move it from the place where he found it.

On the trial, evidence was admitted, under objection, tending to show that the plaintiffs were obstructed and interfered with by certain persons, after the coroner had taken possession of the property under their writ. It did not appear that the defendant was in any way responsible for the conduct of these persons, and, if it had, it is doubtful whether any damages that resulted to the plaintiffs after the commencement of their suit could be recovered in this action.

The plaintiffs were permitted to read in evidence, against the objection of the defendant, the following letter:

"KILMASTER, MICH., Dec. 11, 1888.

"MESSRS. WILDMAN BROS:

"We will charge you $100.00 for the use of our railroad switch to ship out any machinery you may own at or near the same. This charge you shall pay in advance; otherwise you cannot use the switch.

"Yours, etc.,

"KILMASTER & CO."

This letter bears date six days after the commencement of this suit. We cannot see that it could have had any other purpose than to improperly influence the jury against the defendant. It should have been excluded.

Defendant asked the court to instruct the jury as follows:

"2. The plaintiffs can recover nothing for expenses and damages in this case that were incurred after this suit was commenced.

"3. As the property claimed in this suit was permitted by the plaintiffs to be put up and attached to other machinery, so there was nothing to designate the property claimed by plaintiffs from property owned by Mason, no damage can be recovered from the defendant till he

had received a demand, and the property had been designated and pointed out to the defendant."

Both of these requests were refused. We think they should have been given. We do not think the sheriff can be made liable in this case for damages in levying upon the property of the plaintiffs which they had suffered the judgment debtor to so mingle with his own as to make it impossible for the sheriff to select it out and distinguish it from the plaintiffs' property. *Shumway v. Rulter*, 8 Pick. 447; *Lewis v. Whittemore*, 5 N. H. 366; *Bond v. Ward*, 7 Mass. 126; *Vose v. Stickney*, 8 Minn. 75; 2 Freem. Ex'ns, § 254. We think that the record fails to disclose any basis for the judgment of $60 damages, which was recovered.

The judgment must be reversed, and a new trial granted; defendant to recover costs of this Court.

The other Justices concurred.