# CHARLESTON.

H. P. DILS & SONS COMPANY *et al., v.* H. ROY WAUGH, *Judge et al.* ·

(No. 5510.)

Submitted September 8, 1925.   Decided September 22, 1925.

DETINUE—PROHIBITION—*Where Plaintiff Gives Bond and Takes Possession of Property, He Cannot, On Finding in His Favor, Recover as Damages Expenses Incurred for Storing Property Pending Action; Prohibition Lies to Restrain Execution of Judgment in Detinue Pertaining to Improper Damages.*

Where plaintiff at the institution of an action of detinue gives bond and takes into possession the property in controversy, pursuant to Section 6 of Chapter 102 of the Code, he can not on a finding in his favor recover as damages expenses incurred by him for storing such property pending the trial of the action; and where such damages are included in the judgment, prohibition will lie to restrain the execution of so much of such judgment as pertains to the improper damages included therein.

(Detinue, 18 C. J. § 10 [Anno.]; Prohibition, 32 Cyc. p. 610 [Anno.]).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Original petition by the H. P. Dils & Sons Company and others for a writ of prohibition, to be directed to H. Roy

Waugh, Judge, and others, to restrain the enforcement of part of a judgment.

*Writ awarded.*

*R. H. Allen* and *Talbott & Hoover,* for relators.

*W. B. & E. L. Maxwell* and *Claude W. Maxwell,* for respondent Commercial Investment Trust, Inc.

MILLER, JUDGE:

Petitioners for this writ of prohibition allege that pursuant to judgments secured by them against a common debtor, executions were levied by the sheriff and a constable of the county upon a certain automobile then in possession of their said debtor, by virtue of which executions the sheriff and constable took into possession the property levied upon. Thereupon the Commercial Investment Trust, a corporation, one of the respondents herein, instituted its action of detinue against the petitioners and said officers to recover possession of the automobile. At the beginning of the action, the plaintiff therein gave bond as provided by statute and took into possession the property in question. From the allegations of the petition it appears that the plaintiff placed the automobile in storage, where it remained until the time of the trial, and that plaintiff incurred thereby storage charges to the amount of $146.25.

The action of detinue was by agreement submitted to the circuit court in lieu of a jury, who found for the plaintiff therein; the order entering judgment on the finding further reciting, "and it appearing to the court that the plaintiff, upon taking possession of the automobile in controversy, placed the same in storage to abide the judgment of the court and in doing so incurred an expense up until this date of $146.25, and which expense of $146.25 the court is of opinion should be allowed to plaintiff as costs or damages, therefore, it is further adjudged that the plaintiff recover from said three defendants the said sum of $146.25, and the clerk is directed to tax the same as part of plaintiff's costs. Petitioners admit that the finding of the court as to right of possession in plaintiff was correct, but charge that the

finding of $146.25 against them as "costs or damages" was beyond the jurisdiction of the court, and that it and the respondent should be prohibited from enforcing against them the judgment complained of as to that amount.

Respondents admit that, as held in *State ex rel. Welch* v. *Kittle, Judge,* 90 W. Va. 19, and in our cases cited in the opinion therein, costs are purely statutory, none being allowed at common law, and that this court has uniformly held that prohibition will lie to judgments for costs not authorized by some statutory enactment; but they say that the action of the trial court in adjudging as "costs" an amount which should have been adjudged as "damages" is a technical error not sufficient to disturb the judgment as to that amount.

Upon the trial it was agreed by the parties to the action that, "at the time the car was taken by plaintiff under its detinue or forthcoming bond, the value of the car was $950.00, it is now of the value of $750.00; that the Randolph Garage has a storage bill against said car, incurred by plaintiff, for $131.25 to March 1, 1925, and at the rate of $7.50 per month since said date."

But was respondent's claim for storage charges an element of damages recoverable in an action of detinue; and did not the trial court exceed its jurisdiction in adjudging as damages the amount thus incurred by respondent; even if we may waive the alleged irregularity in the language of the judgment complained of?

The statute, section 6 of chapter 102 of the Code, provides, that where the verdict is for plaintiff, and he is not already in possession of the property in question, he shall "recover the damages assessed by the jury for the detention of said property, and his costs in said action. And it shall be the duty of the jury in such cases to ascertain and assess such damages, as the plaintiff has sustained by reason of the detention of such property by the defendant. If the plaintiff be already in possession of such property the judgment shall be that he retain the possession thereof, and for damages and costs, as aforesaid."

But here there is no allegation of any damages to plaintiff before it gave bond and took the property into possession at the beginning of the suit, the only items alleged to be proved, or agreed to, being the amount incurred by plaintiff for storage, and the depreciation in value of the automobile; but the latter item was not carried into the judgment as damages. Has the plaintiff in a detinue suit right to recover as damages expense incurred by him in preserving the property in controversy, or for depreciation in the value thereof, after the property has come into his hands by virtue of the statutory bond provided for in such cases?

There is nothing in the record to show that plaintiff in the detinue action suffered any damages while the automobile was in defendant's possession. Our statute provides that plaintiff, when he recovers possession of the property sued for, is entitled to damages for the unlawful detention thereof by the defendant. And usually in detinue or replevin the plaintiff is entitled to damages for depreciation in the value of the property, and for reasonable compensation for being deprived of the use thereof, while in possession of the defendant; but where the property has been taken into possession by plaintiff in replevin, or by giving bond in an action of detinue, no damages accrue to him after possession obtained. *Burnett* v. *Bealmear,* 79 Md. 36; *Truitt* v. *Revill,* (Del), 4 Har. 71; *Just* v. *Porter,* 64 Mich. 565; *Wildman* v. *Sterritt,* 80 Mich. 651; *Gordon* v. *Jenney,* 16 Mass. 465; 4 Sutherland on Damages, (4th ed.) sec. 1144; 2 Joyce on Damages, secs. 1213, 1214, 1225. It is true a number of the authorities cited are based on actions in replevin; but there is little difference between the former action by replevin, which has been abolished by statute in the Virginias, and the action of detinue, where the plaintiff gives bond and takes the property into possession at the beginning of the action. Burks' Pleading & Practice, (2nd ed.), sec. 106; *Robinson* v. *Woodford,* 37 W. Va. 377.

Here the damages claimed by plaintiff accrued to it while the property was in its possession. It had the use of the automobile, and could have sold it, before there was any depreciation in value, or without incurring storage charges. It was eventually answerable only for the value of the car,

under its bond. *Gordon* v. *Jenney, supra.* The statute con-
templates this by requiring the jury to find the value of the
property in question, as well as the right to possession. In
this case plaintiff's claim did not arise by reason of defend-
ants' actual detention of the property. By either using the
automobile, or by converting it into money, plaintiff could
have saved dead storage charges, and at least reduced to a
minimum the depreciation claimed. The expense incurred
by plaintiff and the deterioration claimed, were not due to
any fault of petitioners, the defendants in the detinue suit,
and can not be assessed as damages against them.

We are of opinion that the trial court exceeded its jurisdic-
tion in assessing as costs or damages the item of $146.25. As
petitioners only seek to prohibit the enforcement of so much
of the judgment as directs recovery of said sum of $146.25,
the writ will be awarded as prayed for.

*Writ   awarded.*