MICHAEL McGUIRE v. JOHN GALLIGAN AND WILLIAM F. MONTAGUE.

| 53 | 453 |
| 57 | 40 |
| 53 | 453 |
| 103 | 71 |
| 53 | 453 |
| 126 | 631 |

*Writ of execution—Omission cured by indorsement—Reduction of damages—Interest—Exemption.*

1. A writ of execution is not made void by the accidental omission of the plaintiff's name if it appears in the indorsement, which for purposes of identification forms part of the process.

2. In replevin for goods seized under an execution defendants need not prove the judgment if plaintiff, for the purpose of claiming exemption rights against the levy, has introduced the execution in which the judgment is described.

3. Where defendant in an execution has disavowed title to some of the property seized and put the value of some above the statutory limit of exemption, it is not for the court, in an action of replevin, to determine the fact of exemption and of the wrongful conduct of the adverse party in not allowing it.

4. A judgment creditor who became execution purchaser acquired thereafter a chattel mortgage made by the debtor. *Held,* that in replevin by the debtor the defendant had a right to show the existence of the mortgage as reducing plaintiff's interest; and if the mortgage gave the right of possession, as affecting also his claim of damage from being deprived of the property.

5. Interest is allowed as a legal compensation for lost use.'

6. In replevin for tools of one's trade taken on execution, the jury should be confined in estimating damages to the amount exempted by law and to the period during which plaintiff was deprived of his property ; and if they give damages for lost profits interest cannot also be allowed.

Error to Kalamazoo. (Mills, J.) April 15.—April 23.

· TROVER. Defendants bring error. Reversed.

*Hawes & Shakespeare* for appellants. An execution is not void for omissions if it contains essentials : Freeman on Executions §§ 38–43 ; *Douglas v. Whiting* 28 Ill. 362 ; *Morrison v. Austin* 14 Wis. 601 ; *Graham v. Price* 3 A. K. Marsh. 552 ; *Jennings v. Carter* 2 Wend. 446 ; *Borland v. Stewart*

4 Wend. 568 ; *Jenness v. Lapeer Circuit Judge* 42 Mich. 469 ; irregularity in an execution must be taken advantage of by motion to set aside ; and the practice on such applications is to amend mistakes : *Mackie v. Smith* 4 Taunt. 322 ; *Hunt v. Loucks* 38 Cal. 372 ; *Williams v. Hogeboom* 8 Paige 469 ; Freeman on Executions §§ 63–7, 78 ; *Matthews v. Cook* 13 Wend. 33 ; *Jackson v. Anderson* 4 Wend. 474 ; *Jackson v. Walker* 4 Wend. 463 ; *Latham v. Westervelt* 16 Barb. 421 ; *Bank of Kentucky v. Lacy* 1 T. B. Mon. 7 ; the sheriff is bound to execute the process, and is protected by it, without proving a judgment : Freeman on Executions § 103 ; *Savacool v. Boughton* 5 Wend. 170 ; *Earl v. Camp* 16 Wend. 562 ; *Bissell v. Kip* 5 Johns. 89 ; *Simonds v. Catlin* 2 Cai. 61 ; *Horton v. Hendershot* 1 Hill 118 ; *Ginichio v. Orser* 1 Abb. Pr. 434 ; *Jones v. Cook* 1 Cow. 309 ; *Porter v. Goodman* 1 Cow. 413 ; damages in trover for such personal property as can be readily obtained and has a market value, is the value of the property and interest : Sedgwick on Damages (5th ed.) 543–4 ; 2 Greenl. Ev. § 276 ; *Brizsee v. Maybee* 21 Wend. 145 ; *Curtis v. Ward* 20 Conn. 204 ; *Hurd v. Hubbell* 26 Conn. 389 ; *Cook v. Loomis* 26 Conn. 483 ; *Tenney v. State Bank* 20 Wis. 152 ; *Ripley v. Davis* 15 Mich. 75 ; *Allison v. Chandler* 11 Mich. 554 ; *Outton v. Barnes* Litt. Sel. Cas. 137.

*Powers & Oxenford* for appellee.

CAMPBELL, J.  Plaintiff sued defendants for levying on and selling certain property, which was, as he claims, used by him in his business of a hack and express-wagon driver in Kalamazoo.  The property consisted of horses, vehicles and other articles appurtenant to such a business.  The levy was made January 6, 1883, and the sale in the latter part of March.  The sheriff accepted him as receiptor for some of the property, and on the 8th of January he replevied the whole of it, with possibly some trifling exceptions, and retained it until a few days before the sale when he was ordered to deliver it up for want of a replevin bond which he had failed to give.

The court below held the execution void, and held that the property was exempt from levy, and allowed the jury to find, in addition to the value on the day of levy and 7 per

cent. interest from that date, special damages, and they found a verdict for $650.

The objection to the execution was that it did not contain the name of the plaintiff. It did, however, contain, in its body, every other descriptive requisite. Beyond this it was properly endorsed with the title of the cause and with the other minutes required by law. Even if the omission of that one descriptive item would have made it irregular if not otherwise supplied, (which is not quite clear to us, and on which we need not pass,) it certainly could not be made void by a clerical omission which left remaining enough to fully identify it. But the endorsement, under our practice, is usual and proper if not necessary, and when put on forms a part of the process sufficiently for all purposes of identification. The writ was sufficient. The court in the charge told the jury there was no proof of any judgment. But the plaintiff's counsel themselves introduced this execution and claimed exemption rights against the levy, so that the defendants were not called on to prove the judgment which was fully described in the writ and endorsement.

We do not think the court had a right to determine the fact of exemption and of defendant's wrong in not allowing it. There was testimony tending to prove that plaintiff disavowed title in some, if not in all, of the property. His own testimony, if believed, put the value considerably beyond the statutory limit of exemption, and the verdict of the jury cannot be reconciled with any reasonable theory that would put the value so low. He could not complain that the officers levied on property which he repudiated, and he could not complain of the loss of any property beyond the statutory limit of $250. In either point of view, this opened some questions of fact.

Evidence was given of a chattel mortgage for $150 made in December, 1882, and payable in one year thereafter. This mortgage was acquired after the execution sale by the execution purchaser, who was the judgment creditor. All of this testimony the court struck out. If this mortgage was valid,—and upon this record we cannot tell how far it is so,—it had

a very decided bearing on the controversy, both as reducing plaintiff's interest in the property, and also as affecting his claim that he had been damnified by disturbance in possession and loss of his sources of income. If he had given the mortgagee a right to take possession, as it may be presumed from this record he had, that might have some significance upon the probable breaking up of his business, on the theory advanced for him that he was unable to pay his debts. In the absence of fuller details we can only say it was admissible.

Upon this record we cannot very well consider just how far damages are allowable for interruptions in business caused by levies on exempt property. The court left the case to the jury in such a way as to enable, and apparently to cause, them to reach what seem to be excessive results. They were first directed to treat the conversion as complete on the taking, which occurred on January 6th, which was the date of the levy, and to allow the value of the property, with seven per cent. interest from that date. They were not restricted in this estimate to the $250 exempted by law. The testimony of several witnesses, and the appraisal on plaintiff's replevin, put the value very much lower; but he put it much higher, and the jury must have taken a pretty large view of the value. In addition to this, the jury were allowed to estimate plaintiff's loss by impairing or damaging his business, and the amount of profits which he has lost.

Upon this it may be remarked, in the first place, that it is not very clear how interest and profits both can be allowed. Interest is allowed as a legal compensation for lost use. If it is competent to show greater profits than the interest would cover, both cannot be proper at the same time.

But another very serious fault in the charge is its failure to tell the jury what time should be covered by their estimates. It appears beyond question that, except possibly for a day or so after the levy, the plaintiff was not interrupted in his possession at all down to about the day of sale, and that the possession was soon thereafter, if not at once, held in connection with the chattel mortgage. It is impossible,

under any of the estimates shown on the trial, to raise these damages up to the measure of the verdict.

As only the more prominent points were argued, and the questions of testimony as bearing on special damages were not dwelt upon, we shall not discuss them. Some of the testimony appears to have been irrelevant, and bore more on questions of feeling than of law, while it had probably an influence in swelling the verdict. But we confine ourselves to the points chiefly insisted on.

The judgment must be reversed and a new trial granted.

The other Justices concurred.