## Sarah Hanselman v. Julius Kegel.

*Replevin—By wife of exempt property—If not found, suit against third party not inconsistent with plaintiff's original claim—Fact of recovery may be shown in mitigation of damages—Delivery of property by defendant—If made to enable creditor of husband to levy upon, invalid—Exempt property not liable to garnishment in suit against husband—On refusal of garnishee to deliver to wife she can maintain replevin for—How. Stat. § 8050, not a bar to such an action—May join with husband, or sue alone—Her remedy and right not dependent on husband's action or non-action—Measure of damages—Where property not found, is its value at date of conversion, and interest thereon.*

1. Plaintiff's husband purchased certain household furniture of defendant, giving his due bill therefor, and the articles were selected and set apart ready for delivery. On the same day one Schroeder, a creditor of the husband, brought suit for his claim and garnished the defendant, who in his answer stated that he had *this* furniture in his possession belonging to the husband, who confessed judgment in the main suit. Plaintiff demanded the furniture, claiming it as exempt under the statute, and on defendant's refusal to deliver same brought replevin to recover it, but failing to find the property, proceeded under the statute for its value. While the replevin suit was pending, a summons to show cause in the garnishee case was served on defendant, who with his plea gave notice that the property was exempt under the statute, and a judgment was rendered in his favor. After this, and after the rendition of judgment against plaintiff in her replevin suit, she again demanded the furniture of the defendant, who loaded it on a delivery wagon, and his men took it to plaintiff's house; but, as the furniture was unloaded on the sidewalk, an officer seized it under an execution issued on the judgment against plaintiff's husband in the garnishee suit, and in a replevin suit brought against the officer by plaintiff and her husband to recover the property, judg-

ment was rendered against them. Plaintiff had appealed her first case to the circuit court, where she recovered a judgment for the value of the furniture, and twenty-five dollars damages for its detention.

*Held*, that the bringing of the *second* replevin suit was not inconsistent with plaintiff's claim against defendant; that,having failed to recover the property in the *first* suit, she had the right to endeavor to reclaim it from the officer without abandoning her suit against defendant for its value,and, if successful,such recovery could be shown by defendant in mitigation of damages.

*Held*, further, that there being testimony tending to show collusion between the defendant and the officer to make a sham delivery of the furniture for the benefit of Schroeder, the question of such delivery was properly left to the jury, and the finding by the jury of such a collusive arrangement between defendant and the officer negatived a delivery of the property to plaintiff in *fact* or in *law*.

*Held*, further, that the jury were properly instructed to find an unlawful detention of the furniture by the defendant, its exempt character being conceded for the purposes of the trial, and plaintiff having a right to bring suit for the same notwithstanding the garnishee proceedings; and a subsequent delivery, even if made in good faith, could not prevent a recovery of damages for its prior detention.

2. Pending garnishee proceedings in a suit against the husband, in which the possession by the garnishee defendant of certain household furniture, claimed as exempt by the wife, was involved, the wife brought replevin against such garnishee defendant for the exempt property.

*Held*, that the statute (How. Stat. § 8050), forbidding the maintenance of any suit against the garnishee by the principal defendant for the property in his possession during the pendency of the garnishee proceedings, was not a bar to such a suit.

3. The remedy given to a wife to sue for exempt property does not depend upon the action of her husband, and while she may join him in her suit, she is under no obligation to do so, but has a perfect right of action in her own name, independent of what he may see fit to do in the premises.

4. In an action of replevin, where the property is not found and the plaintiff elects to take judgment for its value, the measure of damages is such value at the date of conversion, and interest thereon to the date of the verdict.

5. A plaintiff in replevin cannot elect to treat the title to the property in dispute as having passed to the defendant by proceeding for its value, and at the same time claim the use of it as if it were his property.

6. In replevin the law usually, as in other actions, in the absence of fraud or malice, aims at a just compensation in damages, the object being to restore the plaintiff, as far as possible, to the condition he was in before the commission of the act complained of.

7. In a case where a plaintiff was allowed to recover for the use of property unlawfully detained, in addition to its value at time of conversion, the appellate court, while holding that this was unauthorized, rendered judgment for the value of the property as fixed by the jury, with interest thereon to date of such judgment, with costs of the *appellate* court to the defendant and of the *lower* court to the plaintiff.

Error to Wayne. (Speed, J.) Argued February 10, 1886. Decided April 15, 1886.

Replevin. Defendant brings error. Affirmed as to right of recovery for value of property, and reversed as to allowance of $25 for the use of same. The facts are stated in the opinion and head notes.

*Walter Barlow*, for appellant :

The action of plaintiff and her husband in bringing replevin for the property against the officer and Schroeder, estops her from denying a delivery by defendant : *Thompson v. Howard*, 31 Mich. 309–12 ; *Nield v. Burton*, 49 Mich. 53.

A garnishee defendant, from the time of service of summons, is deemed liable to the plaintiff for the property in his hands belonging to the principal defendant : How. Stat. § 8032 ; *Maynards v. Cornwell*, 3 Mich. 309 ; and such service is deemed the commencement of suit against such garnishee : How. Stat. § 8035 ; and a summons to show cause why judgment should not be rendered against him in such suit, may issue against him : How. Stat. § 8038; in which ancillary suit issue may be joined and a trial had as if the principal defendant were the plaintiff : Id. 8040 ; and execution may issue on the judgment rendered thereon against the garnishee : Id. 8042 ; and such judgment has the same force and effect as if the principal defendant were the plaintiff therein : Id. 8040; and no suit can be maintained against such garnishee, or recovery had for the property in his hands, pending such garnishee suit : Id. 8050.

As a general rule, *either* the husband or wife, or *both*, may sue to recover exempt property : *Shepard v. Cross*, 33 Mich. 96 ; but the case at bar is an exception, inasmuch as the statute bars the husband from bringing such a suit.

The garnishee statute makes no mention of any exemption, except of twenty-five dollars due for defendant's personal labor: How. Stat. § 8032.

In replevin, where the property is not taken on the writ, and plaintiff proceeds for damages, the case is governed by the principles applicable to an action of trover: *Parmalee v. Loomis*, 24 Mich. 242; and the measure of damages in trover is the value of the property at time of conversion, and interest thereon: *Ripley v. Davis*, 15 Mich. 75; *Bates v. Stansell*, 19 Id. 91; *Burk v. Webb*, 32 Id. 173; *Allen v. Kinyon*, 41 Id. 281.

*William L. January*, for plaintiff:

The wife may maintain replevin in her own name for her husband's exempt property seized on execution: How. Stat. §§ 6297, 7686, 7715–6; *King v. Moore*, 10 Mich. 538; *Snyder v. People*, 26 Mich. 106; and in any case where her husband's exempt property is seized in adversary proceedings, as in attachment, etc. Nor is the remedy confined to final process: *Ingersoll v. Gage*, 47 Mich. 121; or for her husband's exempt property taken by assignee in bankruptcy: *Sheldon v. Rounds*, 40 Mich. 425.

Property exempt from execution cannot be reached by garnishee process: *Wilson v. Bartholomew*, 45 Mich. 41; *Davenport v. Swan*, 9 Humph. 186; *Staniels v. Raymond*, 4 Cush. 314.

Exempt property is exempt from garnishee process at the election of the debtor. The plaintiff in this case, and her husband, the debtor, very properly made their election by notice and demand for the delivery of the property, of the garnishee defendant, defendant herein, claiming the same as exempt property; and the garnishee defendant, as he is bound to know the law, was then bound to deliver up the property, or hold it at his peril.

The court very properly charged the jury that the plaintiff had a right to begin this action notwithstanding the garnishee proceedings were at that time pending. "The exemption is for the benefit of the family:" *Shepard v. Cross*, 33 Mich. 96; and the remedy is given to the wife that the family may be protected, and its object would be in a great measure lost if she must wait until judgment is rendered, or her property taken beyond her reach or on execution against the husband: *Ingersoll v. Gage*, 47 Mich. 123.

The facts existing at the time this suit was begun must govern the determination of the case: *Cary v. Hewitt*, 26 Mich. 228; *Hickey v. Hinsdale*, 12 Mich. 99; *Clark v. West*, 23 Mich. 242; and they are such as show an unlawful detention of the property. Any subsequent acts on the part of the defendant to amend for his wrong, could, at most, only go in mitigation of damages.

Defendant was unlawfully detaining said property from the time this suit was brought, if the plaintiff had a right to bring her action while the garnishee suit was pending, and we think she had: *Ingersoll v. Gage*, 47 Mich. 121.

Morse, J. The defendant, on the twenty-eighth day of January, 1885, sold to the husband of the plaintiff one plush parlor suit and one marble-top table, for $90, taking his due-bill therefor. The plaintiff was with her husband, and helped to select the articles. After selection the furniture was set out to one side. The next morning plaintiff and her husband went to the store of defendant to find out why he did not deliver the furniture. The defendant replied he could not do so, as one Valentine Schroeder had garnished him. Mr. Hanselman then said to defendant: "I don't see why you shouldn't deliver the furniture; it belongs to me, and is household property."

Schroeder had sued Hanselman, and served a garnishee upon defendant, the same day of the purchase of the furniture.

Hanselman confessed judgment in the suit of Schroeder, and the defendant, on the seventh day of February, the return day of the writ, disclosed that he held in his possession the aforesaid furniture, of the value of $90, of the goods and chattels of said Hanselman.

Plaintiff made several demands of the property of defendant orally, and on the twelfth day of February served a written notice upon him that the property was exempt under the statute, and that he must not deliver it to Schroeder until a trial of the garnishee suit was concluded, as she claimed a distinct interest in the property.

A second summons in the garnishee proceedings was served upon defendant to show cause why judgment should not be

entered against him upon his disclosure in favor of Schroeder, and, March 2, 1885, judgment in such proceedings was rendered in favor of the defendant against Schroeder.

In the meantime, and on the nineteenth day of February, the plaintiff commenced this action of replevin against the defendant before a justice of the peace, in which suit the justice rendered judgment for the defendant, March 14, 1885.

Plaintiff then appealed to the circuit court for Wayne county, where the case was tried before a jury, and judgment rendered in her favor. The plaintiff perfected her appeal from justice's to circuit court March 19, 1885. After the judgment against her in justice's court, and before her appeal, she called at the store of the defendant, on the seventeenth day of March, 1885, and again demanded the goods. The defendant loaded them on his wagon, and his men took them to the plaintiff and her husband's house. About the time the wagon with the goods arrived at the house, an officer came there, and, as the furniture was unloaded from defendant's wagon, seized the property from the sidewalk, or in the yard of the house, under an execution against plaintiff's husband in favor of Schroeder, and carried it away.

Subsequent to this levy the plaintiff and her husband commenced a suit against the officer and Schroeder, claiming the property as exempt from execution, in which suit judgment was rendered against plaintiff and her husband.

The errors assigned by defendant all relate to the instructions of the court below to the jury, and the refusal of the circuit judge to charge as requested by his counsel on the trial. The request refused was as follows:

"That by the plaintiff and her husband following the goods in question into the hands of the officer who levied upon them, and trying to recover them from the officer and Valentine Schroeder, in a suit against them, she acquiesced • in the delivery made by the defendant, and is now estopped from denying that a delivery was made by him."

The portions of the charge objected to by defendant are:

1. That plaintiff had a right to commence her suit while the garnishee proceedings were pending.

2. The court below erred in charging the jury that if there was any understanding and arrangement between the defendant and the officer, whereby the possession of the goods in question, instead of passing from the defendant to the Hanselmans, should pass from the defendant to the officer, and that such delivery took place to the officer in pursuance of that arrangement, then the jury might find that there was no delivery in fact or in law to the Hanselmans.

3. The court below erred in submitting to the jury the question as to whether there was collusion between defendant and the officer that the officer was to levy on the goods in question at the time defendant delivered them at Hanselman's house.

4. The court below erred in instructing the jury that they might find an unlawful detention of the property.

5. In charging the jury as follows: "I think the jury may find that there was an unlawful detention of the property, and assess the damages, and determine the value of the property, unless it be admitted here."

The bringing of the second replevin suit against the officer and Schroeder was not inconsistent with plaintiff's claim against defendant.

By some sharp practice upon the part of the defendant, the property could not be found at the time of the service of her writ of replevin. She might well have preferred the possession of the property to a judgment for its money value, and when she saw it in the possession of another party, had a right to endeavor to reclaim it as against such person without abandoning her suit against defendant.

If the property had been delivered to her under her writ in the first instance, and had been in her possession at the time of the levy by the officer, she would certainly have had a right to bring replevin against the officer, or to have sued him in trespass, without abating her original suit against defendant; and, as she accepted no delivery from the defendant, she was at liberty to follow the officer, and endeavor to get possession of the furniture, without thereby discharging the defendant from the wrong he had before done her in refusing to deliver the property in the first place.

The suit at bar must be considered as having been pending at the time this attempted delivery was made, and we cannot see why her conduct in bringing replevin against the officer can alter the *status* of the parties in this suit, which must be determined by their rights when the case was commenced. If she had recovered the property, that fact could have been received in mitigation of damages; but failing to get it, her action has not prejudiced the defendant in any way. She has done nothing that can be urged in the way of an estoppel of her right to still proceed against the defendant. Neither by her words nor her conduct has she given the defendant cause to believe that she had no claim against him for the property, nor has he been induced to do, or not to do, anything to his disadvantage by her pursuit of the officer. The action against him was begun before the seizure under the levy was made, and all that he has done of which she complains, or for which she seeks a remedy in this suit, was done before she brought suit against the officer, and whatever redress she has sought or obtained in the case at bar has not been affected by her acts subsequent to the bringing of her suit against defendant. Nor under the charge of the court as given were defendant's rights impaired in the slightest degree by her attempt to reclaim the property from the levy. In fact, if she had succeeded, he would have been benefited to the extent of the value of the property in this action.

It is further urged that plaintiff had no right to bring her suit while the garnishee proceedings were pending against the property in question as the goods and chattels of her husband. It is claimed because she does not claim the furniture in her own sole right, but as the exempt household goods of her husband under the statute, the bar of the garnishee statute attaches to her as it would to her husband. The statute reads : "No suit shall be maintained or recovery had by such defendant [in the principal suit] against the garnishee for the amount of money sworn, proved, or admitted to be due from such garnishee to the defendant, or for the property, or the value thereof, money, or effects in

the hands of such garnishee as aforesaid, while such proceeding is pending."

There was no dispute upon the trial of the case as to the nature of the property. No question was raised as to its being exempt, and the whole trial proceeded upon the theory that it was exempt as household property.

The proceedings under the garnishee statutes are in derogation of the common law. Not only must the statutes be strictly construed, but there is no authority for any action, or prohibition of action, outside of them. The statute above quoted does not, by its terms, forbid the pendency of this suit by the wife. The remedy given her does not depend upon the action of her husband. He has no more power to defeat her rights in the premises than any other person. She may join him in her suit, it is true, if she choose, but she is not obliged to do so. She has a perfect right of action in her own name independent of what he may see fit to do.

If he cannot defeat her action or destroy her rights, certainly no person claiming under, through, or by him ought to be allowed to do so. To place the bar of the statute, which in terms only applies to her husband, in her path, would defeat the exemption the law gives her, and place her right to household goods at the mercy of his creditors. The court was therefore right in refusing to instruct the jury that she had no right to commence this action because of the pendency of the garnishee proceedings: *Ingersoll v. Gage*, 47 Mich. 121.

In regard to the instructions of the court as to the delivery of the goods, or pretended delivery, at the house of defendant, the charge was proper. There was evidence tending to show a collusion and arrangement between the defendant and the officer to make a sham delivery, really for the benefit of Schroeder. The jury found specially, upon a properly submitted question, that the intention of the defendant was to make a pretended delivery of the property to the Hanselmans, but really, at the time of and by such pretended delivery, to pass the property into the hands of the officer holding

Schroeder's execution against the husband. In such case, it would not be a delivery to her in fact or in law.

The question of delivery, however, under our view of the case, would only affect the amount of damages, as it could not, if delivered in good faith, be a bar to relief for the original wrong. The jury also found, specially, that there was no delivery.

The court did not err in charging the jury that they might find an unlawful detention of the property. The goods being conceded for the purposes of the trial to be exempt, and she having a right to bring her suit for them notwithstanding the garnishee proceedings, the original detention was unlawful, and a subsequent delivery in good faith could not prevent her recovering for the damage of the detention before such delivery: *Hanmer v. Wilsey*, 17 Wend. 92; *Vosburgh v. Welch*, 11 Johns. 175; *Gibbs v. Chase*, 10 Mass. 128; *Otis v. Jones*, 21 Wend. 394.

The statement of the court that they might find the value of the property at $90 was made upon the admission of one of defendant's counsel that such was the value.

The jury, finding specially that there was no delivery of the property, were warranted in bringing in a verdict for the value of the same at $90 against the defendant.

The jury also, under the charge of the court, found the damages for the detention of the property, at a fair use for the same, to be the sum of $25.

The goods not being taken upon the writ of replevin, and the plaintiff proceeding for damages, it is claimed that the recovery of the same is governed by the same principles which apply in an action of trover, and that the amount of damages should have been limited to the value of the goods, and the interest thereon from the date of detention to the time of verdict.

Our statute authorizing the proceeding in case the property is not taken upon the writ, provides that the plaintiff may proceed in the action for the recovery of the property *or the value thereof*: How. Stat. § 8327.

" In case he shall recover upon the whole record, he shall be entitled, in addition to his damages and costs, to a further judgment that such goods and chattels be replevied and delivered to him without delay, or in default thereof, that such plaintiff do recover from the defendant the value of such goods and chattels as the same shall have been assessed:" How. Stat. § 8343.

The execution commands the sheriff to levy and collect the damages and costs as in other executions against property, and also to replevy the goods and chattels, if they can be found within his county, and deliver them to plaintiff. If not found, then he is to levy the value of the same, and collect with the damages and costs : How. Stat. § 8344.

It is claimed by plaintiff's counsel that the use of the word "damages" in this connection, in the last two sections of the statute cited, plainly implies that the matter of damages is to be kept distinct and separate from the value of the property, or the interest thereon, and is to be considered and found the same as if the property had been recovered upon the writ of replevin.

It will be seen by the statute first cited (How. Stat. § 8327) that the plaintiff may elect to recover the property or the value thereof. The record shows that upon the trial the plaintiff elected to take a judgment for the value.

The authorities seem to be uniform that in such case the measure of damages is the value of the property at the date of conversion, and interest upon such value to date of verdict : Cow. Treat. (5th ed.) § 622 ; Wells Repl. §§ 520, 537, 543, 580 ; McGavock v. Chamberlain, 20 Ill. 220 ; Allen v. Fox, 51 N. Y. 564 ; Garrett v. Wood, 3 Kan. 231 ; Brewster v. Silliman, 38 N. Y. 423 ; Brizsee v. Maybee, 21 Wend. 144.

We think the rule thus established to be the correct one, and applicable in the case at bar. The plaintiff cannot elect to treat the title of the property as having passed to the defendant by suing for its value, and at the same time claim the use of it as if it were hers. It is only while it is her property that she can claim compensation for its use ; and the

rule is a fair and reasonable one as applied to the case at bar. The law in replevin usually, as in other actions, in the absence of fraud or malice, simply aims at a just compensation in damages, the object being to restore the plaintiff, as far as possible, to the condition she was in before the act complained of was committed: Wells Repl. § 530.

If she had enjoyed the use of the furniture, for which use she received $25 by the verdict and judgment in this case, the property would have necessarily, from its nature, been decreased in its value by such use. By this verdict and judgment, then, she receives the full value of the property when new, and $25 in addition thereto. A fair compensation to her at the date of the wrong would have been the payment to her of the value of the property, so that she could have obtained like goods of like value, or a delivery of the goods to which she was entitled by her husband's purchase. Therefore it seems to me that the fair rule of damages would be the $90, and the interest thereon.

The verdict and judgment should have been for the value of the property as found, $90, and interest at seven per cent. from the nineteenth day of March, 1885, to the date of the verdict, September 26, 1885.

As this is a mere matter of computation, judgment will be entered in this Court in favor of the plaintiff and against the defendant for the $90, and interest from March 19, 1885, to date, amounting in all to $96.75, with costs of this Court to defendant and of the court below to plaintiff.

The other Justices concurred.