WILLIAM J. JUST V. FRANK PORTER.

*Payment—Delivery of chattels—Replevin—Judgment for value of property—Measure of damages—Assignment of errors upon charge of court.*

1. Plaintiff received of defendant his promissory notes in payment for property sold him, and agreed in writing to accept, as payment, shingles delivered at a designated place, at fixed prices per thousand, if so delivered by the time the notes matured. The shingles were delivered, and plaintiff was notified, but they were destroyed by fire, and plaintiff denied that he accepted the same as payment of the notes.

   *Held,* that it was for the jury to determine, as a question of fact, whether the shingles were, by the agreement of the parties, accepted and applied or to be applied in payment of the notes.

2. Act No. 101, Laws of 1885, allowing assignment of errors upon the charge of the court without exceptions on the trial, criticised by the majority of the Court; Sherwood, J., dissenting, and holding that the statute tends to secure rights of parties which might otherwise be lost.[1]

3. In an action of replevin, where the property is delivered to the plaintiff on the writ, and defendant elects, on the trial, to take a judgment for its value under the statute, the measure of his damages is such value at the time of the unlawful taking, with interest thereon to the date of the verdict. *Hanselman v. Kegel,* 60 Mich. 541 (head-note 4).

4. In such a case, evidence of the *value* of the *use* of such property is admissible on the trial in the absence of a waiver of its return, and a failure to object to *such* testimony is not a waiver of the error of the court in allowing the jury to add *such* value to the value of the property, where its return is waived at the close of the trial.

Error to Montcalm. (Smith, J.) Argued January 6, 1887. Decided January 27, 1887.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

---

[1] See *Hufford v. G. R. & I. R. R Co., post,* where this act is held to be a remedial one, and applicable to cases pending at time of its passage.

*N. O. Griswold,* for appellant.

*Ellsworth & Rarden,* for defendant.

MORSE, J.   Just, on the twelfth day of November, 1883, sold to Porter a team of horses, a wagon, and harness for $415, and received in payment therefor three promissory notes, secured by a chattel mortgage upon the property.

The parties on the same day entered into the following written contract:

"GREENVILLE, MICH., November 12, 1883.

"I agree to take of Frank Porter cull shingles for one note of $50, due December 2, 1883, and one note of $250, due June 1, 1884, at any time he may deliver them, at Lakeview, in car-load lots, to be indorsed on said paper at 50c per thousand.   And the note of $115 to be paid in second shingles at $1.50 per thousand.   Those prices to be considered payment if the shingles are delivered by the time the notes mature.   If said Porter fails to deliver shingles as agreed, upon maturity of the paper, he is expected to pay money, or stipulate as to price of shingles.

"W. J. JUST.
"FRANK PORTER."

July 27, 1885, Just brought replevin for the property, claiming under his chattel mortgage, and that the same was in default for non-payment.   He obtained the property under his writ.

The defendant claimed that, under the contract, he had delivered at Lakeview, previous to the first day of June, 1884, 300,000 cull shingles, which, with a tender of $32.75, made before suit to the plaintiff, paid the notes in full, and released the property in question from the mortgage.

Defendant had judgment in the circuit for $374.12, having elected upon the trial to waive a return of the property, and take judgment for its value.

Only two errors are insisted upon in the argument here.

*First,* that the court erred in leaving the meaning and intent of the parties in making this contract to be determined by the jury.

We find no error in this respect. The court instructed the jury that, under the contract, it was no part of the defendant's duty to load the shingles upon the cars. This was undoubtedly correct. The defendant claimed that he notified the plaintiff that the shingles were delivered and piled up at Lakeview, and that the plaintiff accepted them upon the contract. Plaintiff denied that he accepted them. The shingles in dispute were burned at Lakeview in August, 1884.

The court, upon this branch of the case, said:

"Now, then, gentlemen, how is it as to the 300,000 cull shingles? You have the contract that has been read in evidence to you about those shingles being delivered. What was the intention of the parties? Was it their intent that the shingles should belong to Mr. Just? Was it understood by both parties that Just had accepted them as his property? Now, the evidence shows that this contract in writing was made between them that they were to be delivered at Lakeview in car-load lots. You have heard where the shingles were, the condition they were in, and all there is about that matter. Now, what was the intent of the parties? Was it their intent, under all the evidence in the case, that these shingles operate as payment upon that mortgage, and be applied upon it? If that was their intent, if that was their understanding, if their minds met upon that proposition, then those shingles should be so applied upon that mortgage; they should be credited thereon as payment; but, if it was not, then they ought not to be. Now, if you do not apply the shingles, then the plaintiff must recover; if you do, they would not pay the amount due, but it is claimed more than the amount due was tendered before suit was brought, July 21, 1885."

The meaning and intent of the contract was not submitted to the jury, but the intent of the parties as to the acceptance of these shingles upon the contract was very properly left to them. It was for them to determine, as a question of fact, whether these shingles were, by agreement of the parties, applied or to be applied in payment of the notes and mortgage.

The *second* objection to the judgment is that, under the

charge of the court, the defendant recovered, not only the value of the property, but the use of it from the date of its seizure upon the replevin writ to the date of the verdict.

The trial proceeded, without objection, upon the theory apparently that this was the true rule of damages, and no exception was taken to the charge of the court in this regard. The error is assigned under Act. No. 101 of the Session Laws of 1885, which authorizes assignment of errors upon the charge of the court without any exception being taken thereto upon the trial.

We have always doubted the propriety of this statute. It was enacted, without doubt, in the belief that it would in some way subserve the ends of justice, and be of benefit to litigants. Its effect has been, not only to increase litigation, but to unfairly and unjustly deprive parties of their rights. It can readily be made an aid to practices unfair to the trial courts, and not desired in the administration of justice. An attorney may purposely refrain from bringing some defense in law to the notice of the trial court, in a case where the facts seem against him, in order to gain a new trial if the jury decide the merits adversely to his client. There was, it can be said, no purpose of this kind in this suit, and the action of the attorney for the appellant lacks nothing in fairness or honorable action in the trial of the same; but the working of this statute to ill results is shown in another way.

After the trial of this suit, we held, in the case of *Hanselman v. Kegel,* 60 Mich. 550, that in a replevin suit under our statutes, where the property was not found or taken upon the writ, and the plaintiff proceeded in the action for the value of the chattels, the measure of damages was the value of the same at the date of the unlawful taking, with the interest upon such value. This decision was filed April 15, 1886. The bill of exceptions in this case was settled June 17, 1886. The judgment was rendered December 17, 1885.

The counsel for the appellant cannot be criticised for taking advantage of this decision under this statute. But, as the case was made in the court below, the defendant was entitled to a judgment, and, if the matter of damages had been contested and brought to the notice of the trial judge, it is to be presumed that he would have laid down the rule in accordance with the holding of this Court. In such case there would have been no error in the proceedings, and therefore an affirmance here of the judgment below, and an end put to the controversy.

If we could distinguish the amount allowed by the jury for the use of the property from the value of the same, as found by the jury, we should feel disposed, as in the *Hanselman Case*, to enter a judgment here for the value simply; but we cannot separate the items, and must grant a new trial if the doctrine of the *Hanselman Case* be sound, and applicable to the case at bar.

The counsel for the defendant seems to doubt the correctness of our ruling in that case, and insists, further, that it is not applicable to the case now before us.

A re-examination of the authorities and our statutes convinces me that the rule of damages laid down in the *Hanselman Case* is the just and proper one.

Under section 8347 of Howell's Statutes, the defendant, if he waive a return of the property, may take judgment for its value. There is no provision made for the recovery also of damages for the detention of the property. In *Halselman v. Kegel* the case differed from the one at bar in the fact that the plaintiff did not recover her property under the writ, and therefore pursued her action under the statute for the value thereof. In such a case there seems to be no question but the rule of damages is the same as in trover.

In this case the property was taken on the writ by the plaintiff, but on the trial defendant elected to take judgment

for the value of the property. The property was such that it was the subject of valuable use.

There are authorities holding, in such a case, that the value to be assessed is the value at the time of trial; and the damages for the detention, being the use, can also be added thereto in the verdict. *Cook v. Hamilton,* 67 Iowa, 394 (25 N. W. Rep. 676). The reasoning of the Iowa case is not satisfactory to me. When the defendant has his option, upon the trial, to take the property or its value, the correct rule, in my opinion, is the one adopted in the *Hanselman Case.* The suit in replevin proceeds upon the theory of adjudicating the rights of the parties as they were at the date of the issue of the writ. In the present case the value of the property was proven of that date. If the defendant elects to take the value of the property, he, in effect, thereby makes a sale of it to the plaintiff at the date of its taking, and *its* value at that time, with interest up to the date of the verdict, is certainly a fair compensation. If he prefers to take the property, and the value of its use while detained, he can do so. The option is his, and not the plaintiff's. There is no justice in his taking the value of the property, selling it to the plaintiff against his will, and also charging him with the use of it in addition. *Bigelow v. Doolittle,* 36 Wis. 115, 120; 3 Suth. Dam. 560, and cases cited in note 4; *Hanselman v. Kegel,* 60 Mich. 540, 550, and cases cited.

It is argued that the counsel for the plaintiff waived this error of the trial judge by not interposing any objection to the introduction of the evidence of the value of the use of the property upon the trial. But if, at the close of the trial, the counsel for defendant had not waived a return of the property, such evidence would have been competent, and the value of the use could have been recovered. Plaintiff's counsel could not, at the time the evidence was offered, have made any valid objection to its reception, and the statute

unfortunately expressly provides that he need not except to the charge of the court.

It follows, for this error as to the rule of damages, that the judgment must be reversed, and a new trial granted.

CAMPBELL, C. J., and CHAMPLIN, J., concurred.

SHERWOOD, J. I do not hold the same opinion as do my brethren in regard to the statute allowing exception to be taken to the charge after verdict. I think it tends to secure rights of parties which might, through neglect or inadvertence, be otherwise lost, and regard the statute with favor. I concur, however, in the result.