CHARLES NITZ v. HENRY BOLTON AND DONALD McRAE.

*Taxes—Deed for tax of 1881—Replevin for timber—Waiver of return—Damages.*

1. A tax deed issued upon a sale made pursuant to the tax law of 1882, for the tax of 1881, is void upon its face. *Ball v. Busch,* 64 Mich. 336.

2. Where the assignee of a certificate issued on the sale of land for the tax of 1881, made under the tax law of 1882, cut the timber and replevied the logs from the original land-owner, who had seized and marked them, the measure of damages on a recovery by the defendant is the value of the logs at the time of serving the writ, with interest from that date.

Error to Alpena.  (Emerick, J.)  Argued June 28, 1888. Decided July 11, 1888.

Replevin.  Defendants bring error.  Reversed.  The facts are stated in the opinion.

*R. J. Kelley,* for appellants.

*Turnbull & Dafoe,* for plaintiff.

CHAMPLIN, J.   The plaintiff brought replevin for 130,-000 feet of pine saw logs, failed in his action, and the defendants waived a return, and took judgment for the value of the property.   The only question involved is the measure of damages, 'and the rulings of the trial court upon the admission of testimony affecting that question.

It was alleged in the declaration, as a part of the description of the property, that the logs were cut from the S. W. ¼ of the N. E. ¼ of section 25, town 32 N., range 8 E.

The plaintiff purchased a tax title for the taxes of 1881, given on a sale of the land made in 1884, from one Nor-

ton, of Pontiac, and received from said Norton a quit-claim deed thereof, which deed bears date February 7, 1884, but was not acknowledged until February 7, 1885. The deed from the Auditor General to Norton bears date June 11, 1885, and recites that Norton became the purchaser at the tax sale made on May 5, 1884. It will thus be seen that at the time plaintiff purchased from Norton the latter had no deed from the State, and the quitclaim would operate at most merely as an assignment of the certificate of sale.

No point is made upon this by defendants, and its consideration is only material as bearing on plaintiff's good faith in cutting the timber from the land above described. The defendants were the owners of the original title, and held the patent of the State of Michigan therefor, bearing date February 5, 1875.

In the winter of 1885–86 plaintiff went upon the 40 acres in question, and cut the pine therefrom, and put it in a stream called the "Narrows," at the outlet of Long lake. The haul from the land to where the logs were put into the stream was about two miles. Plaintiff gave testimony of the circumstances under which he purchased from Norton, and claimed that he cut the pine in good faith, and should not, therefore, pay any greater damage than the timber was worth standing in the tree, ordinarily designated as "stumpage."

The defendants claimed that they were entitled to the value of the logs at the time and place where they were when taken from their possession by the writ of replevin, which was in the stream, they having previously taken possession thereof, and placed their mark upon them.

This Court held in *Ball v. Busch,* 64 Mich. 337 (31 N. W. Rep. 565), that such a tax title was void upon its face. In April, 1885, the law under which Norton became the purchaser at the tax sale in May, 1884, was held, by a

divided Court, to be unconstitutional and void. This was more than six months before plaintiff went upon the land to cut and take off the pine, and was also prior to the deed from the State to Norton. Under such circumstances there is no ground for claiming that the plaintiff was acting in good faith when he cut and removed the pine from this land

Without deciding now whether, under any circumstances, the flexible rule of damages allowed in actions of trover and trespass may be applied in actions of replevin, we think in this case the rule laid down in *Hanselman v. Kegel*, 60 Mich. 550 (27 N. W. Rep. 678), should be applied, and that the measure of damages is the value of the property at the time of serving the writ by which the defendants were dispossessed of the property, with interest from that date. *Gates v. Boom Co.*, 70 Mich. 309 (38 N. W. Rep. 245).

The judgment should be reversed, and a new trial granted.

The other Justices concurred.