### BYRNES *v.* PALMER.

1. FIXTURES—MORTGAGOR AND MORTGAGEE—EVIDENCE.

　　Defendant erected a building on mortgaged premises owned by him, and, after default, deeded the property to plaintiff, the mortgagee, in satisfaction of the mortgage, taking back a lease for one year, with an option to purchase. Within the year he removed the building to other land owned solely by him, and, in replevin by plaintiff, claimed that the building was erected for partnership purposes by a firm of which he was a member, and was to be removable at their option. Plaintiff testified that defendant assured her, when the deed was given, that the building would become her property, and that he had first tried to borrow more money because of the additional security. There was also testimony that defendant had made contradictory statements with respect to his reasons for removing the building. *Held*, that the evidence raised a question for the jury as to whether the building was personal property, as claimed by defendant, or was in fact a fixture.

2. REPLEVIN—DAMAGES—COSTS.

　　Under 2 How. Stat. § 8341, providing that in actions of replevin the jury shall, if they find for the plaintiff, assess the damages for the unlawful taking and detention, the expense of replacing a building wrongfully removed is properly included in the verdict, and is not a part of the taxable costs.

3. EVIDENCE—HARMLESS ERROR.

　　The exclusion of evidence as to the rental value of property, upon an issue as to its value, is not reversible error, where the witnesses whose answers are excluded are permitted to testify to the actual value.

Error to Muskegon; Russell, J. Submitted April 9, 1897. Decided May 25, 1897.

Replevin by Matilda E. Byrnes against George G. Palmer. From a judgment for plaintiff, defendant brings error. Affirmed.

113 MICH.—2.

*Arthur Jones*, for appellant.

*Chamberlain & Cross*, for appellee.

MONTGOMERY, J.  Plaintiff sued in an action of replevin to recover a building which had been constructed upon the west two-thirds of lot 2, block 122, Durkee's addition to Muskegon, and which had been moved off the land by the defendant.  On July 22, 1891, defendant was the owner of the land, and on that day executed a mortgage to plaintiff to secure the payment of $600 and interest in three years from date.  There were two dwelling houses on the lot at this time, and subsequently the building in question was erected.  The defendant having defaulted in payment, on the 29th of May, 1895, an arrangement was made by which the defendant deeded the land to plaintiff in satisfaction of the mortgage, and she gave him back a lease for one year, with an option to purchase within that time.  Plaintiff testified that, before taking the deed, defendant had endeavored to borrow more money of her, stating that the improvement on the property, including the barn or building in question, made the property good security.  She also testified that defendant told her, at the time the deed was given, that the barn was hers.  She further testified that, after defendant had removed the building, she demanded an explanation of why he removed her barn from the lot, and he replied that he did not deed the lot to her, but deeded the lot belonging to his next-door neighbor.  This testimony was corroborated by plaintiff's husband and others.  This testimony is disputed by defendant.  He testified that the building was erected by himself and his brother as a carpenter shop, and that it belonged to the firm, and was constructed for a carpenter shop, to be used there, or removed, if their business demanded it.  He also testified that he bought the lot upon which he moved the building.  The plaintiff recovered a verdict, and defendant brings error.

The chief contention of defendant's counsel is that a verdict should have been directed for defendant on the ground that it conclusively appeared that the building was not attached to the soil, and that it was erected with the intention that it should remain personal property. The trial judge did charge the jury that if the building was erected by, and was the property of, Palmer Bros., the plaintiff could not recover. We are of the opinion that the court was right in refusing to withdraw the question from the jury. The statements of defendant were wholly inconsistent with the claim now put forth, and the facts that the building was first erected on land owned solely by defendant, and, when removed, was removed to land wholly owned by him, were of some significance. We think it was proper to permit the jury to determine the truth or falsity of defendant's claim.

Plaintiff was permitted to recover, as a part of her damages, the expense of replacing the building on her lot. This is complained of. We think the trial judge was clearly right. 2 How. Stat. § 8341, provides that on recovery by plaintiff the same jury shall assess the damages which he has sustained by the unlawful taking and detention, or by the unlawful detention, of the property. Surely the plaintiff suffered damages by the taking of her building from her property to another part of the town. It is suggested that this charge was properly a part of the taxable costs, but we know of no authority for the officer to do more than deliver the building to plaintiff. If the building had been removed from plaintiff's premises in another county, it would not be contended that the officer might, under his writ, deliver it on the property from which it was taken.

Error is assigned on the refusal of the court to permit evidence of the rental value of the property. It is not contended that this was admissible, except for its bearing on the value of the property; and, as the same witnesses by whom the rental value was sought to be established testified to the value of the property, it is not apparent that

defendant was injured by the ruling, even if the testimony was technically admissible, particularly as the testimony of value itself had but a remote bearing on the question at issue.

Some criticism is made upon the charge of the court, but we think the charge, as a whole, presented the questions involved fairly.

The judgment is affirmed.

The other Justices concurred.