THEATRE EQUIPMENT ACCEPTANCE CORP. *v.* BETMAN.

1. REPLEVIN—WAIVER OF RETURN—DAMAGES.
   By defendant's waiver of return in action of replevin, no sale is effected to plaintiff of property not actually taken, so, therefore, claim for diminution in value thereof may not be sustained.

2. SAME—SPECIAL DAMAGES.
   Special damages in action of replevin where return is waived must be such as are the immediate consequence of the unlawful taking.

3. SAME—DAMAGES—CHATTEL MORTGAGES.
   Damages to chattel mortgagor in action of replevin upon waiver of return of theatre equipment unlawfully taken is value at time of taking, less amount of plaintiff's lien, plus interest on balance due defendant and expense of reinstallation (3 Comp. Laws 1929, §§ 14843, 14844).

4. ELECTION OF REMEDIES—INADEQUACY OF REMEDY SELECTED.
   One cannot treat title to property as having passed to another by suing for its value and at the same time claim damages for use of property, and, having elected remedy, may not complain of inadequacy of remedy selected.

Appeal from Wayne; Rathbun (George A.), J., presiding. Submitted January 9, 1934. (Docket No. 82, Calendar No. 37,264.) Decided March 6, 1934.

Replevin by Theatre Equipment Acceptance Corporation, a foreign corporation, against Annie Betman, doing business as New Hancock Theatre, for theatre equipment. From judgment for an alleged insufficient amount, defendant appeals. Affirmed.

*Wynn, Zinn & Freimuth,* for plaintiff.

*Atlas & Solomon,* for defendant.

BUSHNELL, J.   The parties and the subject matter have already been before us in *Theatre Equipment Acceptance Corp.* v. *Betman,* 259 Mich. 245, to which reference may be made for a complete statement of the facts.   Judgment was rendered in favor of the defendant for a wrongful replevin and, in reversing on appeal, we used the following language:

"Defendant, having waived return of the property, was entitled to recover the value thereof as of the time of the taking, less the amount of plaintiff's lien thereon at that time, and to have damages, if any, occasioned by the wrongful taking.

"For this reason, the judgment must be reversed, and a new trial had for proper determination of the mentioned rights and the assessment of defendant's damages, if any."

Testimony was received on the new trial as to the value of the property replevined, which was agreed upon as $1,880.90, and the unpaid balance of plaintiff's lien, conceded to be $1,674.80, leaving a balance in defendant's favor of $206.10.   The question of interest was left to the determination of the court.   Proofs were taken in order to determine the value of other property claimed by defendant to have been affected by plaintiff's wrongful action. Evidence was introduced as to the worth of the lease on the premises, the value of the theatre as a going business, its earnings and the extent to which they were diminished by the replevin suit.   Counsel showed much diligence in presenting testimony on these and other matters and the trial court carefully considered everything offered.   A jury having been waived, considerable latitude was afforded both sides and the record is clear on all the claims of both parties.

Time was allowed for the filing of briefs and the court filed a comprehensive opinion in which the au-

thorities were discussed; from it we take the computation on which the judgment was based:

|                                                              | Debit       | Credit      |
| ------------------------------------------------------------ | ----------- | ----------- |
| Value of replevined equipment as agreed by counsel           |             | $1,880.90   |
| Unpaid balance of plaintiff's lien .....................     | $1,674.80   |             |
| Interest on difference of $206.10 from Oct. 25, 1929 (date of service of writ), to October 25, 1932 (approximate date of entry of judgment), at 5 per cent........ |             | 30.92       |
| Cost to reinstall equipment..                                |             | 373.80      |
| Totals ..............                                        | $1,674.80   | $2,285.62   |
| Plaintiff's credit less defendant's debit ..............     |             | 1,674.80    |
| Balance due defendant                                        |             | $ 610.82    |

Appellant claims (1) she is entitled to special damages totalling about $6,500, representing her investment in the theatre, and (2) that she was not required to mitigate these alleged damages by the purchase and instalation of other equipment. The expenditures involved in originally opening the theatre, for which she seeks reimbursement, are roughly classified as follows: (1) labor and repairs, $3,319.25; (2) furnishings and fixtures made useless, $2,980.20; (3) contracted expenditures made useless, $100. These items total $6,399.45. Testimony was given to the effect that the defendant's business as a going concern was worth from $8,000 to $12,000, if operating at a profit, and at least $6,500 if operating at a loss.

The pertinent language of our former opinion, 259 Mich. 245, follows that of the statutes, 3 Comp.

Laws 1929, §§ 14843, 14844. The rule as to damages on waiver of a return is well settled in Michigan. It is the value of the property at the date of conversion and interest upon such value to date of verdict. One cannot treat the title to property as having passed to another by suing for its value, and at the same time claim damages for the use of the property or the value of the use. In the absence of fraud or malice, the law in replevin, as in other actions, simply aims at a just compensation in damages, the object being to restore the defendant, as far as possible, to the condition she was in before the act complained of was committed. *Hanselman* v. *Kegel,* 60 Mich. 540. Justice MORSE later had occasion to reconsider his opinion in the *Hanselman Case* in *Just* v. *Porter,* 64 Mich. 565, and Justice BUTZEL, speaking for the court in *J. L. Hudson Co.* v. *Barnett,* 255 Mich. 465, found no occasion to depart from the rule laid down in the earlier decisions. An examination of the language hereinbefore quoted from Justice WIEST's opinion on the previous hearing of this case in 259 Mich. 245, reveals that it did not extend the rule.

Defendant claims, however, that the court should have considered other items in arriving at the amount of her damages. She alleges that the theatre was totally wrecked and that she was, therefore, unable to continue to operate it; that it was so reduced in value that she was able to realize from the remaining equipment only the sum of $40; that plaintiff's unlawful acts further tended to and did destroy her credit; that, being without financial means, she could not buy other equipment, and that justice and humanity demand that plaintiff be required to compensate her for the damages she suffered.

While we may have the greatest sympathy for defendant's condition, we are unable to conclude

from the facts presented that, when defendant elected to waive the return of the property taken, she thereby sold her going business, or any part of it, to the plaintiff, other than the property actually taken. Defendant in effect seeks damages for a conversion of her entire business.

Special damages must be such as are the immediate consequences of the unlawful taking. *Woods v. Gaar, Scott & Co.*, 93 Mich. 143. Where chattels were unlawfully taken from a farm, we held that defendants' theory of damages was erroneous when it was claimed that, being deprived of their implements, they could not put in any crops, hence received no money and were unable to meet payments due on the farm, so that they were, in consequence, compelled to deliver up possession and surrender their contract to purchase and, to quote, "lost everything they had on earth." *Watson v. Mead*, 98 Mich. 330.

Here defendant makes no claim for loss of use of the property taken and she has been allowed its value. Can we say that plaintiff can be held in damages for the value of the property not taken? We think not, and to hold that plaintiff is liable for a diminution in value of the property not taken would support defendant in maintaining an inconsistent position. Appellant cites *McCausey v. Hoek*, 159 Mich. 570 (18 Ann. Cas. 945). That case arose out of an unlawful levy and sale. We there reversed the judgment, ordered a new trial, and said:

"We are of the opinion that the cost of repurchase is not necessarily the full measure of damages in a case where a merchant is deprived of his entire stock. If he was doing a profitable business, and could show approximately the measure of his profits for a period preceding the unlawful interruption, and if he

had contracts which could be shown to have included a profit, if performed, and he was prevented from performance, these facts would be proper evidence to go to the jury upon the subject of injury from interruption of his business. This proof would be subject to the inquiry of the necessity for the continuance of the interruption, and whether by the purchase of a new stock, or material for the performance of existing contracts, he could not in whole or in part have avoided or mitigated the damages; but, as we have said before in cases cited, a man who has certainly injured another cannot escape liability in an action of tort, through the difficulty of proving the exact amount of damage suffered.''

We are satisfied from a reading of the record that defendant was not making any profits and that the testimony on which any finding for further damages might be made is at best too speculative.

Had appellant elected to have the property returned, plaintiff would have been required to respond in damages for the unlawful detention. Having made legal by her election that which was illegal, the damages were properly confined to the value of the chattels taken, less the amount of plaintiff's lien, plus interest on the balance due defendant and the expense of reinstalling the property taken. *Byrnes* v. *Palmer,* 113 Mich. 17.

Under the statute, appellant had the opportunity to make her choice of remedies. She cannot now complain because of the inadequacy of the remedy she has selected.

The judgment is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.