**STEEL MOTOR SERVICE, Inc.**

v.

**ZALKE.**

No. 11945.

United States Court of Appeals, Sixth Circuit.

May 21, 1954.

Max Kahn, Detroit, Mich. (Kahn & Kahn, Detroit, Mich., on the brief), for appellant.

George Stone, Detroit, Mich. (Seymour I. Caplan, Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, ALLEN, Circuit Judge, and FORD, District Judge.

ALLEN, Circuit Judge.

This is an appeal from a judgment of the District Court rendered after trial to the court in a replevin action between appellee, a citizen of the State of Michigan, and appellant, a corporation organized under the laws of Indiana, with places of business in Chicago, Illinois, and Detroit, Michigan. Proper service is conceded. Appellant put on no testimony and the court's extensive findings of fact, which are supported by the record, are in the main uncontroverted. In substance they are as follows:

During the year 1948 appellee owned a GMC motor tractor and a Kentucky trailer, which he operated in hauling goods for appellant and others between various cities, particularly Detroit, Michigan, and Chicago, Illinois, making numerous trips for appellant. About November 17, 1948, he hauled a load of steel for appellant from Chicago to the Wyandotte Chemical Company, Wyandotte, Michigan, where the load was rejected. Appellee drove his trailer to appellant's local office and instructed the dispatcher to transfer the load to another trailer for return to Chicago because appellee had some work to do on his equipment. He told the dispatcher he would return for the trailer after it had been unloaded, detached it from the tractor, and left it at appellant's local terminal. Some days later appellee notified appellant's Detroit agent that he was coming for his trailer. The agent stated that the trailer had already gone back to Chicago and appellee demanded that it be returned to Detroit and delivered to him. Early in December of 1948 appellee contacted appellant at its Chicago office. The terminal manager informed appellee that the trailer was waiting for him and appellee requested that appellant bring it to Detroit. The terminal manager agreed to this but the trailer was never returned to Detroit. Appellee telephoned appellant long distance and was informed that appellant was holding the trailer in storage for the loss of the resale of the steel and for storage charges. During all this period the appellee owned the trailer and was a free-lance operator serving others as well as appellant. The return of the equipment was never waived by appellee. The appellee was unable to use his tractor without the trailer and after several months of unsuccessful effort to do hauling with the tractor he sold it on July 24, 1950, for $650, the reasonable value of the tractor then being $1685.21.

The District Court found that the so-called "lease," which appellant contended gave it the right to possession of the trailer, was never executed nor accepted by appellant to the knowledge of appellee. This lease, which was not introduced in evidence, purported to have been executed by appellee on a date when he was temporarily in jail charged with a traffic violation in Wheaton, Ill. It was never recognized in the dealings between the parties. The court's finding is sustained by the record, which shows that the appellee at all times was the owner and entitled to possession of the trailer.

The District Court found that the taking of appellee's trailer by appellant and its refusal to deliver the trailer to appellee constituted an unlawful taking and detention within the law of the State of Michigan, M.S.A. § 27.1836, Comp.Laws 1948, § 627.24. Judgment was rendered in favor of appellee for recovery of possession of the trailer, for the loss on the sale of the tractor, and for the loss of earnings and profits due to appellee's being deprived of the use of his equipment. Several orders amending the original judgment were entered, the final award being in the sum of $8,728.03, together with costs and charges. The judgment also ordered appellant to deliver the trailer to appellee or, in default thereof, to pay appellee the value of the trailer, which was found to be $2,250.00.

A motion to dismiss the complaint was denied by the court. In this motion appellant raised a number of questions, all of which, except the question of

venue, were waived in open court. All questions raised in this court by appellant have been considered. We discuss two questions only, namely, whether the court had jurisdiction of the subject of the action, and whether it applied the correct rule of damages.

Appellant concedes that the court has jurisdiction of the person but asserts that it had no jurisdiction of the res, namely, the trailer which, when the action was brought, was still in Chicago. It relies upon the Michigan Replevin Statute, M.S.A. Section 27.641, Comp. Laws 1948, § 610.1, which requires that the cause be commenced and tried in the county where the subject of the action is situated. The District Court held that the Federal Venue Statute controls. We think this conclusion is correct. Title 28 U.S.C. § 1391(c) reads as follows:

> "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

■■ This provision squarely applies. Appellant is doing business within Wayne County, Michigan, where the District Court has its seat, and service was made upon its agent. The appellee is a resident of Wayne County. The state law cannot control the venue of federal courts, Murphree v. Mississippi Publishing Corp., 5 Cir., 149 F.2d 138. It was unnecessary that appellant have physical possession of the trailer in Michigan at the time the suit was started. It had control and constructive possession and that was sufficient. Coomer v. Gale Mfg. Co., 40 Mich. 691; McBrian v. Morrison, 55 Mich. 351, 21 N.W. 368. A mere direction to appellant's agent in Chicago would have placed the trailer in the hands of the owner in Detroit.

Appellant's principal contention is that the District Court erred in awarding judgment including claimed consequential damages. As found by the District Court, the unlawful taking and detention of the trailer from November 17, 1948, to the time of judgment, January 10, 1952, forced appellee to sell his tractor at a substantial loss and to secure work in which he received considerably less than the average weekly profits of his motor trucking operation. The District Court included these damages in the judgment.

■■ Appellant urges that damages for the loss of business profits and for the loss in the sale of the tractor are purely consequential and cannot be recovered in a replevin action. The amended complaint averred that because the unlawful seizure and detention of the trailer had prevented appellant "from pursuing a gainful occupation" he had lost substantial profits. Items of loss pleaded as special damages become proper elements of compensatory damages. Louisville & I. R. Co. v. Schuester, 183 Ky. 504, 209 S.W. 542, 4 A.L.R. 1344. Special damages may be recovered in a replevin case in Michigan, but they must be such as are the immediate consequence of the unlawful taking. Woods v. Gaar, Scott & Co., 93 Mich. 143, 53 N.W. 14.

Under the law of Michigan which applies here, as early as McGuire v. Galligan, 53 Mich. 453, 19 N.W. 142, the court declared that profits could be allowed as damages for wrongful taking of tools of the trade. The judgment was reversed for failure of the trial court to confine the damages to the period during which appellee was deprived of the property, but this feature is not present here, for the appellee has never received the trailer from appellant.

■ In Aber v. Bratton, 60 Mich. 357, 27 N.W. 564, the court held that speculative or contingent damages could not be included in the computation of special damages and appellant contends that the damages here proved are speculative or contingent. But this contention is answered in favor of appellee by Slattery v. Tillman, 197 Mich. 349, 163 N.W. 938.

This was a replevin case in which damages were sought for the unlawful detention of an automobile in the defendant's repair shop. Evidence was introduced that the car had been used daily up to the time it was delivered to the defendant for repairs and that it had earned in the month previous an average of $10 per day. This was held to be not speculative but admissible as a basis for assessment of damages. Here the average profits of the trucking operation were shown for some six months. The Michigan Supreme Court in Theatre Equipment Acceptance Corp. v. Betman, 266 Mich. 22, 253 N.W. 201, stated that the measure of profits for a period preceding the unlawful interruption of business constituted proper evidence of injury in interruption of business and approved an earlier holding to the effect that damages for the loss of profits and interruption to business are recoverable. In Sherman v. Williman, 321 Mich. 345, 32 N.W.2d 476, an action for replevin of chiropractic equipment, the court held that the plaintiff was entitled to substantial damages for the unlawful detention of the equipment from the date of the demand to the date of the recovery of possession. Under established Michigan law damages for the loss of use of tools and trade equipment are recoverable in replevin.

Appellee's trailer falls into the category of trade equipment. Appellee offered the trailer for hire with himself as driver and the trailer and tractor, together with appellee's labor, constituted the source of his livelihood. The profits are clearly proved. All expenses and depreciation were properly deducted and the difference between what appellee earned from his trucking and what he has been able to earn since losing his trade equipment is not disputed. As a direct result of being deprived of the trailer appellee's tractor became useless. He could not rent it out or use it for hauling without a trailer. The District Court found that the loss on the tractor and the loss in earnings were caused by the wrongful act of appellant. The difference between appellee's earnings with his trade equipment and without, the court evidently considered, was a measure of the value of the use of the equipment. These findings are not clearly erroneous. They are supported by the record.

Appellant urges that the damages cannot properly exceed the value of the trailer. Statements to this effect exist in early replevin cases, but in recent decisions damages considerably in excess of the value of the property detained have been frequently upheld as not excessive. Cf. Stanley W. Smith, Inc., v. Pilgrim, 117 Cal.App. 244, 3 P.2d 573; Tucker v. Hagerty, 37 Cal.App. 789, 174 P. 908; National Contract Purchase Corp. v. McCormick, 264 Ill.App. 63; Drinkhouse v. Van Ness, 202 Cal. 359, 260 P. 869; Hoff v. Lester, 31 Wash.2d 937, 200 P.2d 515; Consolidated National Bank v. Cunningham, 28 Ariz. 518, 238 P. 332; M & D Finance Co. v. Methvin, 186 Okl. 294, 97 P.2d 572; Stein v. Traeger, 218 Ill.App. 122; Louisville & I. R. Co. v. Schuester, supra [183 Ky. 504, 209 S.W. 545]. In the latter case the statement of the court is apposite. It declared "until he [the plaintiff] could replace it [the truck], he had either to rent another or abandon his business * * *. The loss of the use was the proximate and natural result of its destruction, and having been pleaded as special damages, was a proper element of compensatory damages." As stated in Wells on Replevin, 2nd Ed. 455 § 520, "The rules for assessing damages in other cases, in the nature of tort, will generally be applicable to replevin." Here the return of the property was not waived and damages directly attributable to the deprivation of the use are recoverable. As the Supreme Court of Michigan said in Theatre Equipment Acceptance Corp. v. Betman, supra [266 Mich. 22, 253 N.W. 202], quoting with approval from

McCausey v. Hoek, 159 Mich. 570, 124 N.W. 570:

" 'We are of the opinion that the cost of repurchase is not necessarily the full measure of damages in a case where a merchant is deprived of his entire stock. If he was doing a profitable business, and could show approximately the measure of his profits for a period preceding the unlawful interruption, and if he had contracts which could be shown to have included a profit, if performed, and he was prevented from performance, these facts would be proper evidence to go to the jury upon the subject of injury from interruption of his business. This proof would be subject to the inquiry of the necessity for the continuance of the interruption, and whether by the purchase of a new stock, or material for the performance of existing contracts, he could not in whole or in part have avoided or mitigated the damages; but, as we have said before in cases cited, a man who has certainly injured another cannot escape liability in an action of tort, through the difficulty of proving the exact amount of damage suffered.' "

The court held in the Betman case that if the appellant had elected to have the property returned the appellee would have been required to respond in damages for the unlawful detention. If the owner elects to take judgment for the value and waives return, no consequential damages may be claimed. Hanselman v. Kegel, 60 Mich. 540, 27 N.W. 678; J. L. Hudson Co. v. Barnett, 255 Mich. 465, 468, 238 N.W. 243. In the Hudson case the plaintiff waived the return of the property; but here the court specifically found that appellee made no such waiver. We find no error in the application of the rule of damages nor in the computation of the amount recoverable.

There being no reversible error the judgment of the District Court is affirmed.