CHARLES NITZ v. HENRY BOLTON AND DONALD McRAE.

[See 71 Mich. 388.]

*Replevin—Manner of return—Judgment.*

This is an action of replevin for saw-logs, a portion of which were cut from lands owned by the defendants, and upon which they placed their mark, but made no claim to the remainder of the logs, and exercised no acts of ownership over them; and it is held that the only question to be submitted to the jury was the amount of the logs taken belonging to the defendants, and their value, they having waived a return.

Error to Iosco. (Simpson, J.) Argued April 23, 1890. Decided May 2, 1890.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion, and in 71 Mich. 388.

*Turnbull & Dafoe,* for appellant.

*R. J. Kelley,* for defendants.

GRANT, J. The record in this case is very imperfect. It contains no evidence on the part of the plaintiff showing any possession of the defendants at the time the writ was issued.

Plaintiff trespassed upon the lands of the defendants, and cut the pine timber therefrom; and this Court held in 71 Mich. 388, that under the circumstances the plaintiff could not be considered as having acted in good faith. Defendant Bolton testified that, when he learned of the trespass, he took an inspector, Mr. Burthwick, with him, and went over the land, and found some of the logs on the skidways; that Burthwick scaled these logs, and made the amount to be 72,000 feet; that they marked them,

with defendants' mark, H; that he told plaintiff there were probably from 130,000 to 150,000 feet upon their land, but that he took no possession, and made no claim to any particular quantity until after Burthwick's scale, and then only claimed the amount as measured and estimated by Burthwick; that the defendants never had any other possession of the logs than that of marking the 72,000 feet found on the skids; and that the remainder of the logs taken from defendants' land had been drawn to the creek by the plaintiff, and banked in the stream.

The above constitutes the whole evidence of any possession of or claim to the logs in controversy. Burthwick testified that by examining the skidways of logs he determined that there were about 38,288 feet more of logs which had been taken from defendants' land, making in all about 110,425 feet. The record does not show that defendants ever exercised any act of possession over any of the logs owned by plaintiff, nor that they ever made any claim to any other than those which belonged to them.

The plaintiff took, by virtue of his writ of replevin, 130,000 feet, and now alleges as error that the circuit judge refused to instruct the jury to find how many of the logs so taken belonged to plaintiff, and how many to defendants. Defendants waived return of the property, and asked a verdict for the value. Under this record, the only question that could properly be submitted to the jury, was the amount of the logs taken belonging to defendants, and their value. This question was submitted to the jury, with proper instructions.

Judgment affirmed, with costs.

The other Justices concurred.