DOWAGIAC MANUFACTURING CO. *v.* CORBIT.

127   473
s86ᴺᵂ 954
129   ¹212
127   473
142   ¹193

1. CONTRACTS—PAROL EVIDENCE TO MODIFY WRITING—WARRANTY.
Where a written contract for the sale of a machine purports to contain the entire agreement of the parties, and warrants the machine "only against breakage," evidence that the seller verbally agreed to send a man to set up the machine, and that he represented it to be as good as a machine of another make, is inadmissible as tending to vary the terms of the writing.

2. SAME—BREACH OF WARRANTY—EVIDENCE.
And evidence that the machine did not work properly is likewise inadmissible as not within the express warranty.

3. BREACH OF CONTRACT—DAMAGES—LOSS OF PROFITS.

Where defendants contracted to purchase of plaintiff all grain drills necessary to supply their trade in a certain locality, but, after the purchase and subsequent sale of one machine, which was returned for failure to work properly, sold a number of machines of a different make to their customers, evidence that plaintiff's drills were as good, salable, and cheap as the ones sold by defendants, and that defendants could have sold as many of plaintiff's drills as they did of the other kind, on which plaintiff would have made a certain profit, was properly excluded in an action for a breach of the contract, as too speculative to furnish a basis for a computation of damages.

ON APPLICATION FOR REHEARING.

1. APPEAL—REHEARING—MISLAID BRIEFS.

A rehearing will not be granted because appellee's briefs were mislaid after being filed with the clerk, so that they were not before the court at the time the case was disposed of, where an examination of the briefs discloses no reason for disturbing the conclusion already reached.

2. SAME—COSTS.

The denial of the motion, however, will be without costs against the appellee, since he was entitled to have his briefs considered by the court.

Error to Clinton; Stone, J. Submitted March 7, 1901. Decided July 10, 1901. Rehearing denied November 12, 1901.

*Assumpsit* by the Dowagiac Manufacturing Company against John H. Corbit and Edgar L. Valentine, copartners as Corbit & Valentine, for the breach of a contract to sell plaintiff's machines. From a judgment for defendants, plaintiff brings error. Reversed.

*Edwin H. Lyon*, for appellant.

*H. E. Walbridge*, for appellees.

MOORE, J. In the early part of 1898 a contract was made between the parties to this litigation, the material parts of which are as follows:

"This agreement, made this 15th day of March, A. D. 1898, between the Dowagiac Manufacturing Company, of Dowagiac, Michigan, of the first part, and Corbit & Valentine, of St. Johns, county of Clinton, and State of Michigan, of the second part, *Witnesseth*, that the party of the second part is hereby authorized to sell the grain-seeding machinery manufactured by the party of the first part in the following territory, viz.: St. Johns and trade vicinity.

"In consideration of above covenants, the party of the second part does hereby agree to purchase of said Dowagiac Manufacturing Company all grain drills and seeders of its manufacture to supply their trade in above-mentioned territory, at prices shown by printed list on reverse side of this contract.    *    *    *

" The Dowagiac Manufacturing Company, on their part, agree to deliver said goods to the said party of the second part f. o. b. cars at Dowagiac in car-load lots, and at transfer point in less than car-load lots with advance transfer charge of $1.00 for each drill and 25 cents per set for press wheels, also freight to transfer point; and to fill further orders promptly so long as they have such machines on hand and transportation can be procured, and to appoint no other agent for said territory, provided second party fully performs the foregoing stipulation and agreements.    *    *    *

"It is understood the goods are warranted only against breakage, caused by manifest defect in material, for the year in which they are sold; and no goods returned to second party under warranty to be credited to account, but made good or replaced by new goods, as the party of the first part may elect.    *    *    *

" Upon this and future shipments, no agreements, considerations, or stipulations modifying or changing the tenor hereof shall be recognized or binding, except they are in writing, and signed by the party of the first part or their authorized agent.

" The terms set forth in this contract to apply to all goods purchased of said party of the first part during the continuance of this instrument."

One drill was shipped July 15th, and received a few days later. Defendants paid the freight upon and allowed it to remain in the freight depot until in August, when they took it from the depot, and a clerk of defend-

ants and an agent of plaintiff set it up. It was afterwards sold to one Hathaway, who, after using it, returned it, claiming it would not do its work well. It was afterwards sent by defendants to plaintiff, at Dowagiac. It is the claim of plaintiff that defendants did not make any effort to sell their drills, but did sell 15 to 18 Empire drills. This suit was brought to recover for damages for a breach of the contract, and also for the price of the drill. The case was tried by a jury, who returned a verdict in favor of defendants.

A good many assignments of error are argued in the brief of counsel for plaintiff. We are not favored with a brief on the part of defendants. Upon the trial the defendants were allowed to give testimony of a verbal arrangement that plaintiff was to furnish an agent to set up the machines and to assist in making sales, and that the drills were represented to be as good as the Empire drills. They were also allowed to give testimony tending to show that the drill sold to Mr. Hathaway did not do its work properly; that it could not be thrown out of gear, but would sow seed as it was taken back and forth to its work. It is claimed that the admission of this testimony was error, because it tended to show a different contract and a different warranty from the one expressed in the written contract. We think the contention of plaintiff is right. See *McCray Refrigerator Co.* v. *Woods*, 99 Mich. 269 (58 N. W. 320, 41 Am. St. Rep. 599), where the discussion is so full that it is not necessary to cite other authority.

Plaintiff offered to prove that St. Johns is located in a good farming community; that defendant Valentine testified at another time and place that defendants sold 15 to 18 Empire drills during the season of 1898, while the contract in question was in force; that plaintiff's drills would do the work of those drills as well or better, and were better-made drills; that plaintiff's drills, in competition, sold as well as other drills; that they are salable machines for the purposes for which they are made; that they are good-

selling drills, and capable of doing the work of any grain drills for all purposes for which grain drills are used, well constructed, sell as cheap as other grain drills, and find as ready sale in the market; that defendants were good salesmen, and, with proper application of their abilities in that direction, as required by the letter and spirit of the contract, could have sold as many Dowagiac drills as they did of the Empire drills in the season of 1898; that plaintiff's witness Fowle was familiar with the construction and cost of plaintiff's drill, and of the Empire and other drills manufactured and sold throughout Michigan; that plaintiff would have made an average profit of upwards of $15 per drill delivered under the terms of this contract, and had plenty of all kinds of drills on hand during the continuance of the contract, ready to be delivered to defendants upon request. The court thought the claim for damages was too speculative, and excluded the testimony. Plaintiff insists that it was entitled to go to the jury on the question of damages on account of defendants' failure and refusal to buy all grain drills and seeders of its manufacture to supply their trade; citing in favor of its contention *Hutchings* v. *Ladd*, 16 Mich. 493; *Oliver* v. *Perkins*, 92 Mich. 304 (52 N. W. 609); *Hitchcock* v. *Supreme Tent, Knights of Maccabees*, 100 Mich. 40 (58 N. W. 640, 43 Am. St. Rep. 423); *Industrial Works* v. *Mitchell*, 114 Mich. 29 (72 N. W. 25); and other cases.

An examination of those cases will show that they were quite different from this one. The testimony in these cases disclosed a basis from which the damages sustained could be computed with reasonable certainty. In this case no drills made by the plaintiff had ever been sold by defendants when the contract was made, and but one was sold afterwards, and that was returned upon the claim that it would not do its work. There was nothing in this testimony indicating that there was a market for these drills at St. Johns and vicinity. The sale of a given piece of machinery in a new territory, where its merits or demerits are not known, depends upon so many contingencies that no

one can speak with any reasonable certainty of how many will be sold by a given firm in a given time. Any attempt to fix the number of sales would be mere guesswork, and is too speculative to form a safe basis upon which to compute damages. See *Allis* v. *McLean*, 48 Mich. 428 (12 N. W. 640); *Talcott* v. *Crippen*, 52 Mich. 633 (18 N. W. 392); *Aber* v. *Bratton*, 60 Mich. 357 (27 N. W. 564); *Petrie* v. *Lane*, 67 Mich. 454 (35 N. W. 70); *Maltby* v. *Plummer*, 71 Mich. 578 (40 N. W. 3); *John Hutchinson Manfg. Co.* v. *Pinch*, 91 Mich. 156 (51 N. W. 930, 30 Am. St. Rep. 463). The circuit judge made a right disposition of this branch of the case. What we have said as to these assignments of error will dispose of the other questions raised.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.

### ON APPLICATION FOR REHEARING.

Per Curiam. An opinion was filed in this case July 10, 1901. In the opinion it was stated we were not favored with a brief by appellees. After the opinion was filed, it was made to appear to the court that briefs were filed by the appellees with the clerk, but were inadvertently mislaid, so that they were not called to the attention of the court before the opinion was written. A motion is made for a rehearing, for the reason that the court did not consider the briefs of appellees, and also because it is said, if it was error to introduce testimony of a verbal arrangement, it was harmless error, and the case ought to be affirmed.

In disposing of this application for a rehearing, we have examined, not only the briefs furnished on the motion for a rehearing, but have also examined the original briefs filed in the case. We are satisfied, from such examination, with the disposition of the case heretofore made, and, as we think no different conclusion would be reached if a rehearing was ordered, we decline to order it.

The counsel for appellees was entitled to have his brief considered before the case was disposed of.  As it was not considered by the court, for the reason before stated, until this application for a rehearing was made, we think appellees ought not to be subjected to the costs of this motion, and no costs of the motion will be given.