### WHEELER *v.* DETROIT ELECTRIC RAILWAY.

1. TRIAL—OBJECTIONS TO EVIDENCE—WAIVER.

Where counsel not only raises no objection to the admission of certain testimony, but invites its reception, he cannot afterwards complain of a refusal to strike it out.

2. SAME—ARGUMENT OF COUNSEL—ACTION FOR PERSONAL INJURIES—FRAUD.

Where the defense to an action against a street-railway company for personal injuries was that the claim was fraudulent, and

evidence had been received that plaintiff's daughter had an accident claim against the city, and that plaintiff's husband had two negligent injury claims pending, it was legitimate argument for defendant's counsel to state to the jury that it was apparent from the testimony that plaintiff and her witnesses were in the business of bringing damage suits, and it was to be considered as bearing on their good faith, and that they could not make their living in that sort of way.

Error to Wayne; Hosmer, J. Submitted October 24, 1901. Decided November 12, 1901.

Case by Eva Wheeler against the Detroit Electric Railway for personal injuries. From a judgment for defendant, plaintiff brings error. Affirmed.

Plaintiff claims that she was injured through the negligence of the defendant in suddenly starting its car while she was alighting from it, about 11 o'clock at night. The declaration alleges that she entered the car, and, when it stopped and was standing still, she "went to the rear platform for the purpose of alighting therefrom; that while she was proceeding to the lower step of the platform, for the purpose of alighting, defendant negligently caused said car to be suddenly and violently started forward, whereby she was thrown violently to one side, and the knee-cap of her left leg was, by reason of being so thrown, wrenched out of its place or socket, and dislocated; and that by reason of said injury she has become a cripple for life." On the trial it was her right knee that was injured, and the declaration was amended to meet this testimony. Her husband wrote a communication to defendant shortly after the accident, stating that the plaintiff "received painful strain of leg and ankles." She had been to the theater with her son, 9 years old, and her two daughters. The daughters walked home, and reached there before plaintiff. One of the daughters and her husband testified that they stood upon the sidewalk and saw her fall. She testified that she did not enter the car, but

stood upon the rear platform; that she had put one foot down on the first step when the car started, and "it doubled my other leg under me, and I sat right down on the platform of the car, with one foot down on the step and the other leg under me." She did not know who the conductor of the car was. All the conductors in charge of the cars upon that street during the time covered by her testimony appeared in court, but she could not recognize any of them. All these conductors were produced as witnesses, and testified that they neither saw nor heard of any such accident. She made no complaint to any of her neighbors of being injured, and those who saw her the next day, and afterwards, testified that she walked no lamer afterwards than she did before. The sole witnesses for the plaintiff were herself, her husband, and her daughter. The case was submitted to the jury, who found a verdict for the defendant.

*Moore & Moore* (*Henry B. Shaw*, of counsel), for appellant.

*Thomas T. Leete, Jr.*, for appellee.

GRANT, J. (*after stating the facts*). 1. Upon cross-examination plaintiff was asked if her daughter had an accident claim against the city of Detroit. Her answer was, "That has nothing to do with this." Upon the question being put the second time, she asked, " Do I have to answer that question?" to which her attorney replied, "Answer it, certainly, if he wants to know." To the question she then answered, " Yes." Her husband testified, without objection, that he had two negligence injury claims pending. After plaintiff rested her case, her attorney moved to strike out the above testimony, and the motion was overruled. Her attorney not only raised no objection to the admission of this testimony, but invited it. He was not taken by surprise, and, if the testimony is different from that which he expected would be elicited by the questions, the plaintiff must take the consequences. It was too late then to move to strike it out.

2. Complaint is made that the argument of counsel for the defendant to the jury was objectionable. The objectionable language is that "they [referring to plaintiff and her witnesses] are in the business of bringing damage suits, and it is apparent from the testimony in the case. * * * It is to be considered by you as bearing upon the good faith of whether or not these people are in this business, or whether they are honestly and legitimately entitled here to this action. They cannot make their living in that sort of way." The testimony of other suits being admitted without objection, and being introduced for no other purpose than to show the character of the witnesses and their interest in the case, we think the argument was entirely legitimate. It was not of that intemperate character calculated to unduly prejudice a jury in favor of a railroad corporation and against a crippled plaintiff, who is a woman. The defense was that the claim was a fraudulent one, and the jury so found. When fraud is involved, a wide latitude is allowed in the admission of testimony and arguments of counsel.

3. It is assigned as error that the court gave certain objectionable requests on the part of the defendant. The counsel is mistaken in his assertion that these requests were given. The judge stated that he was requested to give them, but said that they were inapplicable to the case, and were not controlling, giving the reason why, viz., that if plaintiff was in the act of alighting when the car was still, and it was started suddenly, that would constitute negligence and entitle plaintiff to recover.

There are other assignments of error, which we do not consider of sufficient importance to discuss. We find no error in the admission of testimony or the instructions of the court. The case was fairly submitted, and the judgment is affirmed.

The other Justices concurred.