EITZEN *v.* HILBERT.

1. EVIDENCE — COMPETENCY.

    A lease otherwise admissible in evidence should not be excluded because defendant claimed it was void, as a lease of his homestead without his wife's signature, when it had not appeared in evidence that he had a wife or a homestead.

2. APPEAL AND ERROR—NEW TRIAL—SAVING QUESTIONS FOR REVIEW.

    The question of excessive damages is not reviewable on error, in the absence of a motion for a new trial.

3. DAMAGES—REPLEVIN—SPECULATIVE PROFITS.

    Upon testimony tending to show that 61 chickens, replevined from defendant, would have produced to plaintiff twenty-five cents a day profit during the time of their detention by defendant, a verdict for damages on such basis was not objectionable as speculative.

4. SAME—VALUE OF GOODS TAKEN.

    Where the return of replevined property was not waived by plaintiff, and defendant gave a bond to retain the property, no reversible error was committed on the trial by requiring the jury to find the value of the property.

Error to Leelanau; Mayne, J. Submitted April 12, 1911. (Docket No. 83.) Decided May 8, 1911.

Replevin by Claus Eitzen against James Hilbert. Judgment for plaintiff. Defendant brings error. Affirmed.

*John J. Tweddle*, for appellant.

*Parm C. Gilbert*, for appellee.

OSTRANDER, C. J.   Plaintiff replevined certain personal property, claiming to be owner of it and presently entitled to possess it.   Defendant gave a bond and retained possession of the property.   A jury found plaintiff entitled to possession of the property, fixed its value, and further found that plaintiff had been damaged on account of defendant's detention of the property in the sum of $100.

The brief for appellant contains a statement of facts, which, upon examination and after comparison with the record, appears to be a statement of what defendant claims the facts to be and what testimony for defendant tended, to some extent at least, to prove.   One would not learn from it, what was true, that the testimony for plaintiff tended to prove a very different state of facts.   It is needless to say that such a statement is not valuable to the court, and being disputed, as it was certain to be, by the statement in appellee's brief, imposes upon the court much unnecessary labor.   We gather from the record that upon nearly every material question there was some conflict of testimony, and that every material question was submitted to the jury.

Appellant contends that error was committed at the trial, has assigned errors, 45 in number, and has discussed those ruled upon under the following heads:

(1) Whether the court erred in admitting and rejecting the testimony in said cause under the objection of the defendant's counsel.

(2) Whether the court erred in refusing to grant motions of defendant to strike out parts of the evidence introduced in said cause.

(3) Whether the court erred in instructing the jury in said cause.

(4) Whether the court erred in rendering judgment for plaintiff and against the defendant for $100 damages for the unlawful detention of 61 chickens

1, 2. It appears that plaintiff leased a farm from the defendant, the written lease containing a list of personal property to be left by the lessor on the farm, and agreements concerning the marketing of crops and division of the proceeds of sales; that plaintiff took some personal property to the farm and acquired other property while there. It appears, inferentially at least, that plaintiff was wrongfully evicted by defendant, during the period of his tenancy; that defendant took possession of whatever plaintiff left or had on the farm; and that this suit is brought to recover the property of plaintiff which came in this way into the possession of the defendant. Plaintiff, a witness, had testified that he went into possession of the farm under a lease, and that during the time he was in possession he had personal property on the farm belonging to himself. It was objected by counsel for defendant that no further testimony be received until the lease was produced. Stating that plaintiff was not in this suit claiming under the lease, his counsel nevertheless produced the lease, identified it, and offered it in evidence. It was objected that it was void because it was a lease of a homestead and was not signed by the wife of the lessor. The court said there was no proof of the fact upon which the objection was based—he might have added there was then no proof that the lessor had a wife—and further said, "We will pass upon that when the time comes." There was no ruling, although an exception was taken. The lease appears in the record; but whether it was read to the jury does not appear. The witness then testified that he had certain property at the farm when defendant entered. A motion was made to strike out this testimony

"because it arises out of this contract that is claimed was void." The objection was overruled and an exception taken.

Upon these two exceptions the first two assignments of error are based, and it appears to be seriously contended that reversible error was committed. There are 18 other assignments of error based upon rulings admitting or excluding testimony. We have examined each of them. We find no reference in the brief to any exception in the record relied on in support of the fourteenth assignment of error. As to each of the others, we think them no better sustained than are the first two. None of them are well assigned.

3 and 4. There was no motion for a new trial, and no ground is presented for examining the question of excessive damages. It appears, however, that such damages as were awarded were for the detention by the defendant, from the date of the demand to the date of the trial, of 61 chickens, and the testimony upon the subject is, in substance and effect, that, in eggs and chickens, plaintiff might have made 25 cents a day if the chickens had been in his possession. It is contended that this is mere speculation. We cannot assume there would be no profit from keeping 61 hens. We think the testimony of the plaintiff concerning the amount thereof was admissible. We do not find that it was disputed, nor was he required, upon cross-examination, to specify the cost of feeding, the price of eggs, or the number of eggs which ought, within his experience as a farmer, to be gathered from so many hens. The court fairly submitted the matter to the jury.

The jury was required by the court to find and state the value of the property which they found to be the property of plaintiff. This the jury did. It is said that this was error because, return of the property not having been waived, it was immaterial what was the value of that restored to plaintiff. It is urged further that in such cases the statute does not contemplate a finding of the value of the property. It does not appear that upon this subject

any requests were presented by defendant. We assume that the purpose plaintiff had in asking for such a finding was to conclude defendant in case an action upon the bond became necessary. Whether in such an action, or in any other action, the finding of value would be conclusive upon defendant, is not a question now presented for determination. We do not see that defendant was prejudiced in this case by the action which was taken.

As no reversible error is made to appear, the judgment is affirmed.

BIRD, HOOKER, BLAIR, and STONE, JJ., concurred.