## SLATTERY *v.* TILLMAN.

1. REPLEVIN—DAMAGES—EVIDENCE—ADMISSIBILITY.
    Evidence in an action of replevin of an automobile in which damages were sought for unlawful detention in defendants' repair shop, that the car had been used daily up to the time it was delivered for repairs to defendant and that it had earned in the month previous an average of $10 per day, was not inadmissible as being speculative, but was admissible as a basis for assessment of damages.

2. SAME—AUTOMOBILES—LIENS—EVIDENCE—HARMLESS ERROR.
    In an action of replevin of an automobile left with defendants for repairs and on which defendants claimed a lien for additional repairs necessitated by an injury to the car sustained in testing it out after repairs had been made, evidence as to the custom of defendants as to trying out cars brought for repairs was harmless error.

3. APPEAL AND ERROR—SCOPE OF REVIEW.
    Error in the admission of evidence will not be considered on appeal where no objection was made or exception taken in the trial court.

4. MASTER AND SERVANT—SCOPE OF EMPLOYMENT—AUTOMOBILES.
    An employee of garage owners is acting within the scope of his employment, in acceding to the request of the son

of the owner of an automobile left for repairs for a demonstration of the thoroughness and value of the repairs to a clutch by running the automobile up and down a hill, although not specifically directed to perform such act by his masters.

Error to Houghton; O'Brien, J. Submitted June 7, 1917. (Docket No. 8.) Decided July 26, 1917.

Replevin by Patrick Slattery against A. A. Tillman and another for the possession of an automobile. Judgment for plaintiff. Defendants bring error. Affirmed.

*Burritt & Burritt*, for appellants.

*Anthony Lucas*, for appellee.

The following facts appear undisputed in this record: On August 2, 1915, the plaintiff, being the owner of an automobile, caused it to be delivered at the garage of defendants for the purpose of having certain repairs made to the clutch. The repairs were made on that day at a cost of $34.36. Plaintiff's son, who was employed by his father, was in defendant's garage when the job was completed. Defendant's son ran the car back and forth upon the floor of the garage three or four times to test the clutch, and thereafter ran it out upon the street and around the block. Defendant's son was an employee in the defendant's garage. After the car had been run around the block plaintiff's son said to defendant's son: "Try it on a hill. See how the clutch will pull." Whereupon defendant's son, who was sitting in the front seat, asked one Roach, who had been engaged in the repair of the clutch, to get in the front seat with him, and plaintiff's son and one Beauchamp occupied the rear seat.

Roach, who was sworn on behalf of the plaintiff, testified as follows:

"After driving up and down Hancock street, we

went up around White street, past the Scott Hotel, and what is commonly known as 'Hairpin Turn,' and turned to the left and went down past the schoolhouse, intending to go down town, I believe, over Elevation street. We went down Oak street till we got to Elevation street, and there we turned over. We were running at a good rate of speed when we turned the corner, and I don't know what happened."

The overturning of the car damaged the radiator, broke the wind shield and the steering wheel, and plaintiff's son sustained a fracture of one leg. The car was removed to the garage of defendants where, without consultation with any person, they immediately commenced to repair it. A day or two later plaintiff himself went to defendants' garage, and there had a conversation with defendant A. A. Tillman, in the course of which he expressed the belief that the car could not be repaired, but was assured by Tillman that it could be made as good as new. At this conversation plaintiff neither authorized nor requested repairs to be made, nor did defendant notify plaintiff that he would make said repairs at plaintiff's expense. Plaintiff testified that he understood that defendants, recognizing their responsibility for the damage to the machine, were making the repairs at their own expense, while defendant Tillman testified that he made the repairs believing plaintiff to be liable therefor, and in the expectation that he would receive proper compensation for the same. The repairs to the machine having been completed by the 30th day of August, plaintiff's son demanded the same on behalf of the plaintiff, and tendered to defendant the sum of $34.36, the amount of the cost of repairs to the clutch. Defendant, however, refused to deliver the machine unless the entire cost of repair was paid, which, together with the $34.36, amounted to $108. Plaintiff thereupon, and on the 2d day of September, secured possession of his machine by a writ of replevin.

At the conclusion of the testimony a motion for a directed verdict in favor of defendants was denied. The court, after stating the claims of the parties, charged the jury in part as follows:

"Now, gentlemen of the jury, the burden of proof is upon the plaintiff to establish, by a fair preponderance of the evidence, all of the facts upon which he bases his right to recover in this case, and there is no dispute that the plaintiff is the owner of the car, and the only question for you gentlemen to decide will be as to whether or not the plaintiff was liable for the repairs made on the car after the damage was done to the car in the accident.

"The burden of proof is upon the defendants to show that the plaintiff is liable for the repairs made to the car after it was damaged in the accident. The burden of proof is upon the defendants to show that they had a lien on the car for such damages, and I charge you as a matter of law that, if the defendants show by a fair preponderance of the evidence that the plaintiff assumed liability for those repairs made after the accident, then the defendants would have a lien upon the car for the amount of repair and reasonable value of those repairs, and there is no dispute about that, amounting to $73.50, and your verdict in that event would be for the defendants.

"On the other hand, if the defendants fail to establish by a fair preponderance of the evidence that the plaintiff is liable for those repairs made after the accident, then your verdict should be for the plaintiff, because in that event the defendants would have no lien on the car at all, for the reason that they would lose their lien after the tender made by the plaintiff, in regard to which there is no dispute, of $34.36, and your verdict would be, in that event, for the plaintiff, allowing the plaintiff such damages for the unlawful detention of the car as you may find to be established by the evidence. It appears that the car was not delivered for two or three days, either for one, two, or three days, say, after it was demanded by the plaintiff's son.

"The burden of proof is upon the plaintiff to prove his damages by a fair preponderance of the evidence.

"Now, gentlemen of the jury, you are not trying the question in this case as to who was liable for the accident that occurred on the hill, and the only reason why that testimony is introduced in this case and admitted is for the purpose of aiding you in determining the main question as to whether or not the defendants voluntarily repaired that car at their own expense, without any expectation of holding the plaintiff liable for the repairs, or whether they repaired that car under circumstances which make the plaintiff liable to pay for the repairs.

"Now, gentlemen of the jury, if the plaintiff stood by and knew that the defendants were repairing the car, and from all of the circumstances had reason to believe that the others were repairing the car at the plaintiff's expense and not their own expense, then the plaintiff would be liable for those repairs, even though he did not expressly order the repairs. But, on the other hand, if the defendants assumed and undertook to repair the car at their own expense, and if the plaintiff supposed from the circumstances, and had good reason to suppose, that the defendants were repairing the car at their own expense, and not expecting to charge him for the repairs, then the plaintiff would not be liable for the repairs, and consequently the defendants would have no lien upon the car for those repairs, and would have no right to hold the car after it was demanded, and the sum tendered for the repairs that had been made before the accident.

"Now, as I say, the burden of proof is upon the defendants to establish by a fair preponderance of the evidence the plaintiff's liability for those repairs made after the accident; and, if you find from all the circumstances that the plaintiff is impliedly liable to pay for those repairs, then it was his duty to tender the full amount of the defendants' bill before he could obtain possession of his car, and having failed to do that, he would have no right to bring a suit of replevin, and your verdict in that event would be for. the defendants. On the other hand, if the defendants have failed to establish that fact by a fair preponderance of the evidence, that is to say, that the plaintiff

assumed that liability, then your verdict must be for the plaintiff."

A verdict was returned in favor of the plaintiff, with damages for unlawful detention by the defendants in the sum of $20.

BROOKE, J. (*after stating the facts*). Defendants, reviewing the case in this court, rely upon the following errors:

"*First.* Error committed by the court in permitting plaintiff to show previous earnings of his car as a basis for damages, and refusal to strike out such testimony on motion.

"*Second.* Error committed by the court in permitting plaintiff to offer evidence as to the custom of defendants' garage.

"*Third.* Error committed by the court in receiving testimony as to what was said by defendant Tillman concerning the careless and reckless driving of his son.

"*Fourth.* Error committed in the charge of the court. Error committed by the court in not directing a verdict for the defendants."

*First.* As a basis for recovering damages for the unlawful detention of the machine, plaintiff's son was permitted to testify, over objection, to the fact that the car in question had been in use up to the day it was delivered to the defendants for repairs, and that it had earned in said month over $300, or an average of over $10 per day. Books of account were produced to verify the testimony of the plaintiff in this regard. It is the contention of defendants that this testimony was improperly admitted, and that it was an improper basis for the assessment of damages, because wholly speculative and conjectural, citing *Aber* v. *Bratton*, 60 Mich. 357 (27 N. W. 564) ; *Dowagiac Manfg. Co.* v. *Corbit*, 127 Mich. 473 (86 N. W. 954, 87 N. W. 886) ; *Truman* v. *Machine Co.*, 169 Mich. 153 (135 N. W. 89). We are of opinion that the case at bar is readily distinguishable from those cited, and that it falls

rather within the reasoning of *Allison* v. *Chandler*, 11 Mich. 542, and *Eitzen* v. *Hilbert*, 165 Mich. 650 (131 N. W. 449).

*Second.* Claud Roach, one of defendants' employees and the man who was in the machine at the time of the accident, was permitted to give the following testimony over objection:

"*Q.* What was the custom of Mr. Tillman's garage for the time you had been working there as to trying out cars after they had been brought there for repairs?

"*A.* Usually if a clutch or anything of that kind, any vital part, is put in the car, it is tried out on the road to find out whether they were right or not. In order to test a clutch you have to have a rough or hilly road to find out whether it is transmitting the power. You would have to climb a hill or give it hard going."

There was no prejudicial error in the admission of this testimony.

*Third.* We are unable to discover any objection or exception covering the eighth assignment of error.

*Fourth.* It was and is the claim of defendants that they were entitled to a lien upon the car for the value of the labor and material expended in and about its repair after the accident, upon the theory that the defendant's son in running the car up and down the hill for the purpose of testing the clutch was acting as the agent of plaintiff, through the request of plaintiff's son and employee. We think it conclusively appears from this record that at the time of the accident the car was in the possession of the defendants, and that a request by plaintiff's agent for a demonstration of the thoroughness and value of the repairs contracted for was a reasonable one. It seems to us clear that in acceding to the request for this demonstration, defendant's son was acting within the scope of his employment, even though he was not specifically directed to perform said act by his masters, the defendants. The

jury by their verdict have found that there was no contract, either express or implied, between the parties by the terms of which the plaintiff either ordered or agreed to pay for the repairs in question, and under the conceded facts in the case we do not see how they could have well reached a different conclusion.

It is the contention of the defendants that, the facts being conceded, the court should have directed a verdict in their favor as a matter of law. With this contention we are unable to agree. Inasmuch as the jury reached a proper conclusion under the charge submitting the question to them, it is unnecessary to determine that the plaintiff was entitled to the direction of a verdict upon all questions except as to the measure of damages.

The judgment is affirmed.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred. OSTRANDER, J., did not sit.